NO. 4-97-0229

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DAVID B. DOCHERTY, as Father and     )   Ap­peal from

Next Friend of PHILIP M. DOCHERTY, )   Circuit Court of

a Minor, and DAVID B. DOCHERTY, )   McDonough Coun­ty

Individually, )   No. 96L17

Plaintiffs-Appellants, )

v. )   Honorable

ROGER L. SADLER, )   William D. Henderson,

Defendant-Appellee. )   Judge Pre­siding.

________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court:

Minor plaintiff, Philip Docherty, was in­jured when defendant's dog col­lid­ed with him.  Minor plaintiff's father brought a com­plaint under the Ani­mal Con­trol Act (Act) (510 ILCS 5/1 
et
 
seq
. (West 1996)).  Defendant moved to dismiss, stat­ing minor plain­tiff was an "own­er" for pur­pos­es of the Act and there­by ex­empt from pro­tection under the Act.  The trial court grant­ed defendant's mo­tion and dis­missed the com­plaint with prej­u­dice.  Plain­tiffs ap­peal, arguing minor plaintiff was not clearly aware of the risks that ulti­mately produced the injury and could not have assumed the risk of injury.

I.  BACKGROUND

In November 1996, plaintiffs and defendant were neigh­bors.  Defendant made arrangements for 10-year-old minor plain­tiff Philip Docherty and his 12-year-old sister to care for defendant's dog.  Defendant was to be out of town for five days.   Minor plaintiff was taken to defendant's home and shown the location of the items necessary to care for the dog.  Minor plaintiff was to feed the dog and provide it with water.  Later that evening, after defendant had left his residence, minor plaintiff and his sister returned, letting the dog out into the backyard.  The dog ran around the corner of the house and, on its return, col­lid­ed with minor plain­tiff.  Plaintiffs alleged se­vere and perma­nent inju­ries.  

The Act states, in rele­vant part:

"If a dog or other animal, without prov­oca­tion, attacks or injures any person who is peace­ably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained."  510 ILCS 5/16 (West 1996).

Additionally, the Act pro­vides:

"'Owner' means any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other ani­mal, 
or who
 
has
 
it
 
in
 
his
 
care
, 
or
 
acts
 
as
 
its
 
custo­dian
, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him."  (Empha­sis add­ed.) 510 ILCS 5/2.16 (West 1996).

The trial court found minor plaintiff to be an "own­er" of the dog and thereby unpro­tected by the Act:  "He was neither an innocent bystander nor a person within the class of persons protected by the [A]ct.  His relation­ship to the ani­mal objec­tively excludes him from the protected class."

II.  ANALYSIS

On appeal, plaintiffs argue "the inju­ry to the [10-] year[-]old plain­tiff was the re­sult of a freak oc­cur­rence which was not a risk appre­ciated by or know­ingly as­sumed by the [10-] year[-]old plain­tiff."  Plaintiffs contend the minor's status as "own­er" under the Act ought not exempt him from protec­tion.  De­fen­dant re­sponds "plaintiff [minor] was not an innocent bystander at the time of his injury.  He does not, therefore, fall within the class of persons that the Act was designed to protect."

In considering a motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1996)), the trial court must view all pleadings and sup­port­ing docu­ments in the light most favor­able to the nonmoving par­ty.  "The court should grant the motion only if plain­tiff can prove no set of facts that would sup­port a cause of action."  
Toombs v. City of Cham­paign
, 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51 (1993).  As this pro­cess in­volves no de­ter­mina­tion of weight of facts or cred­ibil­ity, reviewing courts need not defer to the trial court's judg­ment, but will review the matter 
de
 
novo
.  
Toombs
, 245 Ill. App. 3d at 583, 615 N.E.2d at 51.

The purpose of the Act was to eliminate the "one-bite rule" which, at common law, required a plaintiff to plead and prove a dog owner either knew or was negligent in not knowing a dog had a propensity to injure people.  
Harris v. Walker
, 119 Ill. 2d 542, 547, 519 N.E.2d 917, 918 (1988).

Narrowly construing the Act in favor of those subject to its operation, 
the court in 
Harris
 stat­ed the leg­is­la­ture in­tend­ed to pro­vide pro­tec­tion through the Act "for plain­tiffs who, by vir­tue of their rela­tion­ship to the owner of the dog or other animal or the lack of any such rela­tionship, may not have any way of know­ing or avoid­ing the risk that the animal poses to them."
  
Harris
, 119 Ill. 2d at 547, 519 N.E.2d at 919.  
Harris
 involved a plain­tiff who was in­jured when he fell off a horse he rented from rid­ing sta­bles owned and operated by the defendant.  The plain­tiff had signed an ex­culpa­tory agree­ment.  The trial court grant­ed defendant's motion for summary judgment.  Because the plain­tiff had claimed to fully un­der­stand and ac­cept the risks of horseback riding, the appellate court found the plain­tiff had taken him­self out of the class of persons the leg­isla­ture in­tend­ed to pro­tect.  The supreme court held "where a person rents a horse and under­stands and expressly ac­cepts the risks of using the horse, he cannot recover damages from the person who rented the horse" under the Act.  
Harris
, 119 Ill. 2d at 548, 519 N.E.2d at 919.

An "owner" is any person having a right of property in an animal or who keeps or harbors an ani­mal or who has it in his care or acts as its custo­dian or who know­ingly per­mits a do­mes­tic animal to remain on or about any premises occu­pied by him.  510 ILCS 5/2.16 (West 1996).  "[T]he Act contemplates some degree of care, custody, or control."  
Steinberg v. Petta
, 114 Ill. 2d 496, 502, 501 N.E.2d 1263, 1266 (1986) (absentee landlord who allowed tenant to have a pet on the premises was not an owner because he was not a har­bor­er or a keeper, and therefore not sub­ject to liabili­ty under the Act).

In 
Wilcoxen v. Paige
, 174 Ill. App. 3d 541, 542, 528 N.E.2d 1104, 1105 (1988), plaintiff, owner and operator of a dog board­ing and grooming business, agreed to board defendant's dog for a fee.  While under plaintiff's control and care, defen­dant's dog seri­ous­ly in­jured plaintiff.  The trial court granted defendant's motion for summary judgment.  The court ar­tic­u­lat­ed the pur­pose of the Act as to en­cour­age tight con­trol of ani­mals in order to protect the public from harm.  "[T]he Act impos­es penal­ties against not only an animal's legal owner, but also against anyone who places him­self in a position of con­trol akin to an owner."  
Wilcoxen
, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106.  Thus, where one accepts responsi­bility for con­trolling an animal, she may not maintain a cause of ac­tion for injuries re­sulting from her own failure to control the ani­mal.  The court held plaintiff, by voluntarily accepting re­spon­si­bili­ty for con­trol of defendant's dog, placed herself with­in the Act's defini­tion of owner; there­fore, the trial court cor­rectly ruled she could not recover from the dog's legal owner since her inju­ries resulted from her own failure to control the dog.  
Wilcoxen
, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106.

In 
Hassell v. Wenglinski
, 243 Ill. App. 3d 398, 399, 612 N.E.2d 64, 64-65 (1993), plain­tiff, an em­ploy­ee of de­fen­dant, agreed to walk defendant's dogs as a favor to de­fen­dant.  Plain­tiff alleged she was holding the dogs' leashes when the dogs suddenly pulled forward, causing her to trip, fall, and injure herself.  The trial court granted defendant's motion for judgment on the pleadings.  Even though plaintiff's du­ties did not nor­mal­ly in­clude exer­cise of the dogs, because (1) the dogs were in her custody, (2) she had an existing relation­ship with defen­dant, (3) she volun­tarily assumed care and custody of the dogs as a favor to defen­dant, and (4) she was injured while exer­cising control of the dogs, she was an owner and not entitled to recover under the Act.  Further, the appellate court noted noth­ing in the Act re­quires a per­son to exercise care or custody of an ani­mal for a set period of time in order to meet the defi­ni­tion of "own­er."  
Hassell
, 243 Ill. App. 3d at 402, 612 N.E.2d at 66.

In 
Eyrich v. Johnson
, 279 Ill. App. 3d 1067, 1068-69, 665 N.E.2d 878, 879 (1996), plaintiff was hired by defen­dant to feed and water hogs and clean their pens.  While the ani­mals, on defendant's property, were in plaintiff's care, plain­tiff was bit­ten.  The trial court granted defendant's motion for summary judgment.  The appellate court found plain­tiff was an "own­er" under the Act be­cause it was his job to take care of the animal and he was doing so at the time of the injury.  There­fore, the appellate court con­cluded plain­tiff was not the type of per­son the leg­is­la­ture in­tend­ed to pro­tect under the Act.  
Eyrich
, 279 Ill. App. 3d at 1070-71, 665 N.E.2d at 880.

In this case, minor plaintiff falls within the stat­u­to­ry defi­ni­tion of an "own­er."  Minor plaintiff did have the dog "in his care" and was acting "as its custodian."  See 510 ILCS 5/2.16 (West 1996).
  The degree of care, custody, or control contemplat­ed by the Act is satisfied here.  See 
Steinberg
, 114 Ill. 2d at 502, 501 N.E.2d at 1266.  Plaintiff minor placed him­self in a position of control akin to an owner and accepted re­sponsi­bility for control of the animal.  See 
Wilcoxen
, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106.  He voluntarily as­sumed care and cus­tody of the dogs and was injured while exercis­ing control of the dog.  See 
Hassell
, 243 Ill. App. 3d at 402, 612 N.E.2d at 66.  He is an "owner" irrespective of the relative­ly short period of time he was to care for the dog.  See 
Hassell
, 243 Ill. App. 3d at 402, 612 N.E.2d at 66.  A plaintiff responsi­ble for the feeding and watering of an animal, if injured while providing such care, is an owner for purposes of the Act.  See 
Eyrich
, 279 Ill. App. 3d at 1070-71, 665 N.E.2d at 880.  There­fore, plaintiff minor here is an "owner" for purposes of the statute.

With the dog "in his care," minor plaintiff was act­ing "as its cus­to­di­an," placing him­self in a posi­tion of control akin to an owner and accepting re­sponsibility for con­trol of the ani­mal.  His care was to extend five days; he was not simply asked to hold the leash.  Minor plaintiff exer­cised con­trol over the dog.  His re­spon­si­bili­ties in feed­ing the dog, providing it with wa­ter, and let­ting it into the yard clearly assign him the status of own­er.

We recognize plaintiffs' argument is premised upon as­sumption of the risk.  See 
Meyer v. 
Naperville Man­ner, Inc.
, 262 Ill. App. 3d 141, 149, 634 N.E.2d 411, 416 (1994) (find­ing one who vol­un­tari­ly assumes con­trol of an ani­mal places him­self in the posi­tion of the own­er).  However, as minor plaintiff was an owner of the dog, we de­cline to apply an assumption of the risk analysis and find no error in the trial court's dismissal of plaintiffs' case.

We are not unsympathetic to minor plaintiff's plight.  The accident was unfortunate.  However, the Act itself and judi­cial interpretations ex­clude "own­ers" from the Act's pro­tec­tion.  See 
Wilcoxen
, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106.  It is for the legislature to determine whether to extend the protection of the Act to those such as the minor plaintiff, who temporarily care for an animal.

III.  CONCLUSION

We affirm the trial court's judgment dismissing plaintiffs' complaint with prejudice.

Affirmed.

GREEN and STEIGMANN, JJ., concur.