Rule 23 order filed
April 12, 2011;
Motion to publish granted
May 25, 2011, corrected
June 10, 2011.

NO. 5-10-0403

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| JAMES F. KINDEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Wabash County. |
| | ) | |
| v. | ) | No. 08-L-12 |
| | ) | |
| LOUIS TENNIS, JASON TENNIS, and TENNIS | ) | |
| DAIRY FARMS, L.P., | ) | Honorable |
| | ) | Christopher L. Weber, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE SPOMER delivered the judgment of the court, with opinion.
Justices Donovan and Wexstten concurred in the judgment and opinion.

**O P I N I O N**

The plaintiff, James F. Kindel, appeals the orders of the circuit court of Wabash County that (1) granted the motion of the defendants, Louis Tennis, Jason Tennis, and Tennis Dairy Farms, L.P., to dismiss three counts of the plaintiff's lawsuit against them and (2) denied the plaintiff's request that the court reconsider the dismissal. For the reasons that follow, we reverse the trial court's orders and remand for further proceedings.

FACTS

On October 16, 2008, the plaintiff filed an amended complaint for damages in the present action, in which he alleged that on August 9, 2007, he was injured, while working for the defendants, by a bull owned and controlled by the defendants. Counts I, II, and III alleged claims under the Illinois Animal Control Act (the Act) (510 ILCS 5/1 *et seq.* (West 2006)), and counts IV and V alleged claims of common-law negligence. On November 14, 2008, the defendants filed a motion to dismiss all five counts of the complaint pursuant to

section 2-615 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2008)). A hearing was held on the motion on February 19, 2009, and on April 16, 2009, the judge entered an order in which he dismissed counts I, II, and III because he believed that the Illinois General Assembly "did not intend for the Animal Control Act to apply to the class of persons [of which] [the plaintiff], an employee of [the defendants], is a part."

The case proceeded on counts IV and V, and following discovery related to those counts, the plaintiff filed, on January 13, 2010, a motion in which he asked the judge to reconsider, on the basis of information obtained via discovery, his dismissal of counts I, II, and III. A hearing on the motion to reconsider was held on May 27, 2010, and on July 30, 2010, the judge entered an order in which he upheld his dismissal of the counts, finding that the Illinois Supreme Court's holding in *Harris v. Walker*, 119 Ill. 2d 542, 547 (1988)–that the General Assembly "intended only to provide coverage under the statute for plaintiffs who, by virtue of their relationship to the owner of the dog or other animal or the lack of any such relationship, may not have any way of knowing or avoiding the risk that the animal poses to them"–barred a recovery under the Act for the plaintiff in the present case because the plaintiff could not argue "that he had no way of knowing that the bull posed a risk to him" and because the Act could not be extended to "an employee who did not have control of, but was working near a farm animal, which injured him." The judge found no reason for delaying the appeal of his order, and this timely appeal–of both the April 16, 2009, order dismissing the counts and the July 30, 2010, order upholding the dismissal–followed. We note that counts IV and V are not at issue in this appeal and that additional facts necessary for the disposition of this appeal will be provided throughout the remainder of this opinion.

ANALYSIS

On appeal, the plaintiff contends that the allegations in his complaint were sufficient to withstand a motion to dismiss pursuant to section 2-615 of the Code. We agree. To

prevail on a claim under the Act, a plaintiff must prove the following: " '(1) an injury caused by an animal owned by the defendant; (2) lack of provocation; (3) the peaceable conduct of the injured person; and (4) the presence of the injured person in a place where he has a legal right to be.' " *Smith v. Lane*, 358 Ill. App. 3d 1126, 1135 (2005) (quoting *Meyer v. Naperville Manner, Inc.*, 262 Ill. App. 3d 141, 147 (1994)). We review *de novo* the dismissal of a complaint pursuant to section 2-615. *Smith*, 358 Ill. App. 3d at 1128. When so doing, we accept all well-pleaded facts and inferences as true, and we interpret the allegations in the complaint in a light most favorable to the plaintiff. *Smith*, 358 Ill. App. 3d at 1135. That is because a motion to dismiss pursuant to section 2-615 "attacks the legal sufficiency of the complaint based upon defects appearing on the face of the complaint." *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 325-26 (2008). Accordingly, a dismissal should be granted only where " 'it is clearly apparent that the plaintiffs could prove no set of facts that would entitle them to relief.' " *Compton*, 382 Ill. App. 3d at 326 (quoting *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 586 (2005)).

In the case at bar, the judge based his decisions only on the first element listed above for stating a claim under the Act, and he specifically focused on the issue of whether the plaintiff qualified as an "owner" of the bull and therefore was barred from a recovery under the Act. See *Eyrich v. Johnson*, 279 Ill. App. 3d 1067, 1070 (1996) (the Act was construed to deny a recovery to an animal's owner). In his first order, the judge concluded that the Illinois General Assembly "did not intend for the Animal Control Act to apply to the class of persons [of which] [the plaintiff], an employee of [the defendants], is a part." In his second order, the judge concluded that the Illinois Supreme Court's holding in *Harris v. Walker*, 119 Ill. 2d 542, 547 (1988)–that the General Assembly "intended only to provide coverage under the statute for plaintiffs who, by virtue of their relationship to the owner of the dog or other animal or the lack of any such relationship, may not have any way of

3

knowing or avoiding the risk that the animal poses to them"–barred a recovery under the Act for the plaintiff in the present case because the plaintiff could not argue "that he had no way of knowing that the bull posed a risk to him" and because the Act could not be extended to "an employee who did not have control of, but was working near a farm animal, which injured him."

However, it is axiomatic that under the Act, the question of ownership is normally a question of fact to be determined by the trier of fact. See, *e.g.*, *Steinberg v. Petta*, 114 Ill. 2d 496, 502 (1986). Moreover, there is no case law that holds that the employee of an owner of an animal is *per se* barred from a recovery under the Act. The Illinois Supreme Court's decision in *Harris v. Walker*, 119 Ill. 2d 542 (1988), is inapposite to the question, because it does not deal with an employer-employee relationship. More apposite is *Eyrich v. Johnson*, 279 Ill. App. 3d 1067, 1070 (1996), but even in that case, our colleagues in the Third District recognized that the key questions, when considering the employer-employee relationship *vis-a-vis* the questions of ownership and recovery, are whether it was a part of the plaintiff employee's job to care for the animal in question and whether the animal was in the care and/or custody of the plaintiff employee at the time of the injury to the plaintiff employee. Although the defendants contend in the case at bar that it was a part of the plaintiff's job to care for the bull that attacked him and that the bull was in the plaintiff's custody and care at the time of the attack, the plaintiff disputes that and has done so from his first pleading onward. Accordingly, we cannot agree with the circuit court that a dismissal pursuant to section 2-615 was appropriate in this case. See *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 326 (2008) (a dismissal should be granted only where " 'it is clearly apparent that the plaintiffs could prove no set of facts that would entitle them to relief' " (quoting *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 586 (2005))). We note that we take no position on the merits of the plaintiff's case under the Act; we simply cannot

4

conclude that the counts under the Act were appropriately dismissed pursuant to section 2-615.

## CONCLUSION

For the foregoing reasons, we reverse the orders of the circuit court of Wabash County and remand for further proceedings.

Orders reversed; cause remanded.

NO. 5-10-0403

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| JAMES F. KINDEL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Wabash County. |
| | ) | |
| v. | ) | No. 08-L-12 |
| | ) | |
| LOUIS TENNIS, JASON TENNIS, and TENNIS | ) | |
| DAIRY FARMS, L.P., | ) | Honorable |
| | ) | Christopher L. Weber, |
| Defendants-Appellees. | ) | Judge, presiding. |

**Rule 23 Order Filed:** April 12, 2011
**Motion to Publish Granted:** May 25, 2011
**Opinion Filed**: May 25, 2011

**Justices**: Honorable Stephen L. Spomer, J.

Honorable James K. Donovan, J., and
Honorable James M. Wexstten, J.,
Concur

**Attorneys for Appellant**: Brian K. Hetzer, Hefner, Eberspacher & Tapella, L.L.C., P.O. Box 627, Mattoon, IL 61938; Jeffrey Lind, Fleschner, Stark, Tanoos & Newlin, 201 Ohio Street, Terre Haute, IN 47807

**Attorneys for Appellees**: Larry N. Sloss, Jr., Derek W. McCullough, Gosnell, Borden, Enloe & Sloss, Ltd., 815-12th Street, P.O. Box 737, Lawrenceville, IL 62439