RAMONA WILCOXEN, Plaintiff-Appellant, v. FREDERICK D. PAIGE, Defendant-Appellee.

Third District No. 3—87—0736

Opinion filed September 16, 1988.

Ronald Hanna, of Peoria, for appellant.

Gary D. Nelson and J. Kevin Wolfe, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The trial court granted summary judgment in favor of the defendant, Frederick D. Paige, finding that the plaintiff, Ramona Wilcoxen, was a keeper or harborer of the defendant's dog and thus could not

pursue a cause of action under the Illinois Animal Control Act (the Act) (Ill. Rev. Stat. 1987, ch. 8, par. 351 *et seq.*). The plaintiff appeals.

■ We note that summary judgment is appropriate only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In determining whether a genuine issue as to any material fact exists, the court must construe the pleadings, depositions and affidavits most strictly against the movant and most liberally in favor of the opponent. *Kolakowski v. Voris* (1979), 76 Ill. App. 3d 453, 395 N.E.2d 6; *aff'd* (1980), 83 Ill. 2d 388, 415 N.E.2d 397.

Under this standard of review, the record shows that the plaintiff owned and operated Mona's Dog House and Doggie Motel, a dog boarding and grooming business. In the course of her business, the plaintiff agreed to board the defendant's Golden Retriever for a fee. The dog attacked and seriously injured the plaintiff while it was under her control and care.

The plaintiff filed suit against the defendant, contending he was liable under the Animal Control Act for her injuries. The defendant responded with a motion for summary judgment. In part, the defendant's motion argued that the plaintiff was barred from bringing suit under the Act, because at the time of her alleged injuries she too was an "owner" of the dog, as defined by the Act. Following a hearing on the motion, the trial court found that the plaintiff was barred from pursuing a cause of action under the Act, because when she was injured she was a keeper or harborer of the dog.

■ On appeal, the plaintiff argues that the Animal Control Act does not preclude a cause of action by the keeper or harborer of a dog against the dog's lawful owner, when the keeper is an employee of the owner. Both parties acknowledge, and we agree, that this is a case of first impression.

A statute should be read as a whole (*People ex rel. Morrison v. Sielaff* (1974), 58 Ill. 2d 91, 316 N.E.2d 769), and its title considered in construing it (*Merchants National Bank v. Olson* (1975), 27 Ill. App. 3d 432, 325 N.E.2d 633). The Animal Control Act is entitled "An Act relating to stray animal control; rabies prevention; the liability of a person owning or harboring a dog which attacks or injures a person; providing penalties for violations thereof; and to repeal Acts therein named." Ill. Ann. Stat., ch. 8, par. 351 (Smith-Hurd 1975, Historical Note).

Section 16 of the Animal Control Act provides:

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." Ill. Rev. Stat. 1987, ch. 8, par. 366.

Section 2.16 of the Act states:

" 'Owner' means any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him." Ill. Rev. Stat. 1987, ch. 8, par. 352.16.

When the Animal Control Act is read as a whole, it reveals that the legislature values prevention over cures. The thrust of the Act is to encourage tight control of animals in order to protect the public from harm. The statutorily mandated liability provides first a strong incentive to prevent one's animals from harming others. Thus, the Act imposes penalties against not only an animal's legal owner, but also against anyone who places himself in a position of control akin to an owner. Only secondarily does the Act offer recompense to those injured.

Animal control being the primary aim of the Act, it follows that the courts have rejected a strict liability interpretation (*Vanderlei v. Heideman* (1980), 83 Ill. App. 3d 158, 403 N.E.2d 756), which would impose liability as a pure penalty for dog ownership (*Bailey v. Bly* (1967), 87 Ill. App. 2d 259, 231 N.E.2d 8). Rather, the courts require a factual or reasonable basis for liability. (*Vanderlei*, 83 Ill. App. 3d 158, 403 N.E.2d 756.) Accordingly, where a person accepts responsibility for controlling an animal, she cannot maintain a cause of action for injuries resulting from her own failure to control the animal.

█ The instant plaintiff voluntarily accepted responsibility for controlling the defendant's dog, placing herself within the definition of an "owner" under the Act. The trial court therefore correctly ruled that she could not recover from the dog's legal owner, when her injuries resulted from her own failure to control the dog.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.