HEIDI HASSELL, Plaintiff-Appellant, v. JOHN WENGLINSKI, Defendant-Appellee.

First District (5th Division)   No. 1—92—1846

Opinion filed March 5, 1993.

Daniel L. Starkman, of Chicago, for appellant.

Williams & Montgomery, Ltd., of Chicago (Edward R. Moor, Ginamarie A. Gaudio, Barry L. Kroll, and Lloyd E. Williams, Jr., of counsel), for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Heidi Hassell filed a multiple-count complaint for injuries caused by two dogs owned by defendant John Wenglinski. Count I of the complaint alleged that plaintiff was entitled to recover under the Animal Control Act. (Ill. Rev. Stat. 1991, ch. 8, par. 351 *et seq.*) Defendant moved for judgment on the pleadings as to count I of the complaint. The trial court granted the motion, made a finding of appealability under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), and plaintiff timely appealed.

Plaintiff was an employee of defendant. Her position required her to care for defendant's mother in defendant's home. On the day of the alleged injury, plaintiff reported for work at defendant's home as usual. At the time of plaintiff's alleged injury she was walking defendant's dogs because she had agreed to do so as a favor to defendant. Her complaint alleged that as she was holding on to the dogs' leashes, the dogs suddenly pulled her forward, causing her to trip and fall, resulting in bodily injury.

The sole issue presented for review is whether a person having control over an animal may maintain a cause of action under the Animal Control Act (Ill. Rev. Stat. 1991, ch. 8, par. 357 *et seq.*) against the animal's legal owner for injuries sustained while the person has such control.

Section 16 of the Animal Control Act (Ill. Rev. Stat. 1989, ch. 8, par. 366), entitled "Liability of owner of dog attacking or injuring person," provides as follows:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other

animal is liable in damages to such person for the full amount of the injury sustained."

Section 2.16 of the Act (Ill. Rev. Stat. 1989, ch. 8, par. 352.16) defines the term "owner" as follows:

" 'Owner' means any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premises occupied by him."

In the case at bar, plaintiff was walking the dogs as a favor to defendant and thus had the animals in her care and custody at the time of her mishap, bringing her within the definition of "owner" under the Animal Control Act.

■ As the law has developed in this State, a person who is in the status of an "owner" as that term is defined in section 2.16 of the Animal Control Act, set forth above, has no cause of action under the Act if such person is injured by the animal he or she "owns" or controls.

In *Harris v. Walker* (1988), 119 Ill. 2d 542, 519 N.E.2d 917, the Illinois Supreme Court reviewed the legislative history of the Animal Control Act. It found that "the legislature intended only to provide coverage under the statute for plaintiffs who, by virtue of their relationship to the owner of the dog or other animal or the lack of any such relationship, may not have any way of knowing or avoiding the risk that the animal poses to them." (*Harris*, 119 Ill. 2d at 547, 519 N.E.2d at 919.) In *Harris* the plaintiff had rented a horse from defendant's stable and sustained injuries when he fell off the horse. Defendant presented evidence that plaintiff signed and understood an exculpatory agreement. In denying recovery under the Animal Control Act, the supreme court held that by voluntarily entering into a relationship with the defendant whereby plaintiff took control of defendant's animal, plaintiff had taken himself out of the category of persons the legislature intended to protect.

In *Clark v. Rogers* (1985), 137 Ill. App. 3d 591, 484 N.E.2d 867, the appellate court considered a situation where a plaintiff had voluntarily entered into a relationship with the defendant animal owner whereby plaintiff was employed to train defendant's horses. While performing that activity, plaintiff was injured by one of defendant's horses. In denying recovery under the Animal Control Act, the court held that plaintiff had assumed the risk of injury by accepting the employment to train defendant's horses and assuming control of the animals. It further found that the legislature, by adopting the Animal

Control Act, did not intend to abrogate the defense of assumption of risk in cases arising under the Act. See also *Vanderlei v. Heideman* (1980), 83 Ill. App. 3d 158, 403 N.E.2d 756 (licensed horseshoer assumed the risk of being kicked by a horse he was shoeing).

These policy considerations came together in *Wilcoxen v. Paige* (1988), 174 Ill. App. 3d 541, 528 N.E.2d 1104. In *Wilcoxen*, plaintiff owned and operated a dog board and grooming business. She agreed to board defendant's dog for a fee. While defendant's dog was in plaintiff's care, it attacked and seriously injured her. In affirming the trial court's denial of recovery to plaintiff under the Animal Control Act, the appellate court said, "plaintiff voluntarily accepted responsibility for controlling the defendant's dog, placing herself within the definition of an 'owner' under the Act. The trial court therefore correctly ruled that she could not recover from the dog's legal owner, when her injuries resulted from her own failure to control the dog." *Wilcoxen*, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106.

Plaintiff in the case at bar argues that *Wilcoxen* was incorrectly decided, or, in the alternative, should be limited to its specific fact pattern involving a dog groomer hired to service the animal. However, neither the legislative history of the Animal Control Act nor the reasoning of the *Wilcoxen* decision persuades us that it was incorrectly decided or that its rationale should be limited to cases in which the plaintiff and defendant have entered into a contractual relationship involving the animal causing the injury.

In *Ennen v. White* (1992), 232 Ill. App. 3d 1061, 598 N.E.2d 416, plaintiff voluntarily mounted defendant's horse named Coke on defendant's property and was injured when the horse threw her from its back. Excerpts from the pleadings set forth in the *Ennen* opinion do not establish a contractual relationship between the parties like that existing in *Harris, Clark, Vanderlei* and *Wilcoxen*. Ennen sued defendant White under the Animal Control Act to recover for her injuries. The appellate court affirmed the trial court's dismissal of this claim, stating:

> "The Act was not designed to protect [plaintiff] from the injuries she incurred after voluntarily mounting Coke. \*\*\*
>
> \*\*\*
>
> \*\*\* [P]laintiff in this case assumed control over Coke by mounting the horse. \*\*\*
>
> \*\*\* Once the rider mounts the horse, the rider is no longer a bystander or observer but is someone who has asserted dominion over the animal and is an active partner with the animal in recreational activity. The rider assumes control and responsi-

402

bility for the horse. While a cause of action may be stated under other theories of liability, there is none under the Act." *Ennen*, 232 Ill. App. 3d at 1065-66, 598 N.E.2d at 418-19.

Plaintiff also contends that she should not be considered an "owner" under the statute because she had only brief control over the dogs. Nothing in the Act, however, requires a person to exercise care or custody of an animal for a set period of time in order to meet the definition of "owner."

■ Plaintiff Hassell admits in her complaint that she was an employee of defendant although her duties did not normally include exercise of his dogs. She further acknowledges that the dogs were in her custody at the time of her injury. She had an existing relationship with defendant; she voluntarily assumed care and custody of the dogs as a favor to defendant; and she was injured while exercising that control.

For the foregoing reasons, we hold that the *Wilcoxen* and *Ennen* decisions properly interpret the definition of "owner" in the Animal Control Act. Therefore, the trial court was correct in ruling that plaintiff was not entitled to recover on the theory alleged in count I of her complaint, and its decision is affirmed.

Affirmed.

MURRAY and COUSINS, JJ., concur.