PAUL EYRICH *et al.*, Plaintiffs-Appellants, v. RICHARD JOHNSON, Defendant-Appellee.

Third District   No. 3—95—0744

Opinion filed May 16, 1996.

William E. Gottfred (argued) and Randall K. Reese, both of Reese & Reese, of Rockford, for appellants.

Thomas J. Potter (argued), of Ludens, Potter & Burch, of Morrison, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Paul Eyrich, worked as a farmhand for the defendant, Richard Johnson. Paul was bitten by a boar and brought suit against Richard under the Animal Control Act (the Act) (510 ILCS 5/16 (West 1994)). Following depositions, both parties moved for summary judgment. The trial court granted summary judgment in favor of Richard. Paul filed a timely notice of appeal. For reasons which follow, we affirm.

## I. Facts

Paul was hired by Richard in 1990 to feed and water two to three

hogs, and clean their pens. He worked five to six days per week, usually for part of the day. Paul is 46 years old and has worked on a farm virtually his entire life. In his deposition, Richard testified that he gave Paul a stick with a hook on the end of it to retrieve the boar's feed pan. This would allow Paul to retrieve the feed pan without entering the pen. Richard said he considered boars unpredictable and did not trust them. When feeding boars, Richard said he never entered the pen to retrieve the pan.

Paul said he occasionally entered the pen to retrieve the feed pan. It is unclear whether the stick was unavailable or Paul chose not to use it. On June 6, 1992, Paul was inside the boar's pen. As he bent down to pick up the pan, the boar bit him on the knee. Two surgeries followed, and the knee did not fully heal.

Paul said in his deposition that the boar had never exhibited any menacing behavior and was not acting in a threatening way prior to the attack. Paul said the boar merely walked up to him, bit him, and walked away. The boar weighed approximately 680 pounds and was $3^1/2$ feet high and 6 feet long.

Paul brought suit under section 16 of the Act (510 ILCS 5/16 (West 1994)). Both parties filed motions for summary judgment. The trial court found Paul was an "owner" of the boar and could not recover under the Act. The court granted Richard's motion for summary judgment. The sole issue for review is whether the trial court properly granted Richard's motion for summary judgment.

## II. Analysis

Summary judgment is a drastic method of disposing of litigation and should only be allowed when the right to it is clear and free from doubt. *Mitchell v. Jewel Food Stores*, 142 Ill. 2d 152, 165, 568 N.E.2d 827, 832 (1990). If a genuine issue of material fact exists, the motion must be denied. *Mitchell*, 142 Ill. 2d at 165, 568 N.E.2d at 832. In making its decision on a summary judgment motion, the trial court must strictly construe the evidence against the moving party and in favor of the opponent. *Tersavich v. First National Bank & Trust*, 143 Ill. 2d 74, 80-81, 571 N.E.2d 733, 735-36 (1991). We review the granting of a summary judgment motion *de novo*. *Meyer v. Cohen*, 260 Ill. App. 3d 351, 359, 632 N.E.2d 22, 27 (1993).

■ Section 16 of the Act provides: "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." 510 ILCS 5/16 (West 1994).

In order to prevail under section 16 of the Act a plaintiff must

prove: (1) his injury was caused by an animal owned by the defendant; (2) a lack of provocation; (3) peaceful conduct by the plaintiff; and (4) the plaintiff was in a place where he had a legal right to be. *Severson v. Ring*, 244 Ill. App. 3d 453, 456, 615 N.E.2d 1, 4 (1993).

There is no dispute concerning the last three factors. Paul did not provoke the boar in any manner. Paul was behaving peacefully towards the animal immediately before the attack. Paul was lawfully on the property because he was hired by the defendant to feed and care for the boar. Thus, the only issue for review is whether Paul qualifies under the Act as the boar's owner. The Act has been construed to deny recovery to an animal's "owner." *Hassell v. Wenglinski*, 243 Ill. App. 3d 398, 400, 612 N.E.2d 64, 65 (1993).

■ The Act defines an "owner" as "any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him." 510 ILCS 5/2.16 (West 1994).

■ The trial court acknowledged that "ownership" is normally a fact question for the jury to decide. *Steinberg v. Petta*, 114 Ill. 2d 496, 502, 501 N.E.2d 1263, 1266 (1986). However, in the court's opinion, there were no genuine issues of material fact left to decide, so it granted the defendant's motion for summary judgment. From our review of the depositions and applicable law, we agree with the trial court that there is no genuine issue of material fact concerning Paul's status as the boar's "owner." It is undisputed that Paul had the boar "in his care" at the time of the attack. Moreover, Paul was paid to feed and water the boar, and he was doing so at the time of the attack.

In *Harris v. Walker*, 119 Ill. 2d 542, 519 N.E.2d 917 (1988), our supreme court examined the legislative history of the Act and concluded "the legislature intended only to provide coverage under the statute for plaintiffs who, by virtue of their relationship to the owner of the dog or other animal or the lack of any such relationship, may not have any way of knowing or avoiding the risk that the animal poses to them." *Harris*, 119 Ill. 2d at 547, 519 N.E.2d at 919.

The record shows that Paul is an experienced farmhand who has worked with animals during his entire adult life. He certainly should have been aware of the fact that boars are unpredictable and can attack people. Richard testified that he never "took chances with hogs" because "you never know, with those big ones, what they are going to do." We conclude that Paul is an "owner" under the Act because: (1) it is undisputed that part of Paul's job was to care for the boar; and (2) he was doing so at the time of the attack. Paul is clearly not the

type of plaintiff that the legislature intended to protect under the Act.

Accordingly, we affirm the trial court's order granting summary judgment in favor of Richard and against Paul. The circuit court of Whiteside County is affirmed.

Affirmed.

BRESLIN, P.J., and SLATER, J., concur.