*In re* K.D., a Minor (B.M., Appellant, v. The Department of Professional Regulation, Appellee).

Second District    No. 2—95—1021

Opinion filed May 23, 1996.

Albert A. Altamore, of Vella, Sparkman & Altamore, P.C., of Rockford, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Jessie A. Wang-Grimm, Assistant Attorney General, of counsel), and Michael A. Palermo, Jr., of Department of Professional Regulation, of Chicago, for appellee.

Laura A. Epstein, of Rockford, guardian *ad litem.*

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

Appellant, B.M., appeals the trial court's order authorizing the release of juvenile court records to the appellee, the Department of Professional Regulation (Department). The issue for review is whether the trial court abused its discretion in allowing the Department to inspect the documents from a case in which appellant, a licensed physician, committed sexual abuse on his minor stepdaughter.

The minor, K.D., was adjudicated an abused minor in that appellant inflicted sexual abuse on her. The Department filed a motion for leave to inspect and copy the court records. The motion alleged that the Department filed a complaint against appellant on the good-faith belief that he was named as a perpetrator in the juvenile proceedings. The Department believed that the records "may act to revoke or suspend [appellant's] license to practice medicine" in Illinois. The Department agreed to have the minor's name excluded from all records to be inspected and copied. Over appellant's objection, the court ordered that the Department's attorney be permitted to inspect the pleadings, docket entries, and orders entered in the juvenile proceeding. The inspection would not extend to any reports or other documents in the file. The court also granted appellant's motion to stay the order pending appeal.

On appeal, appellant contends that section 1—8 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1—8 (West 1994)) does not authorize the release of records of an abused minor for use against a third person. The Department sought review of the records under

subsection (C), which provides that juvenile court records may be inspected by "properly interested persons." 705 ILCS 405/1—8(C) (West 1994). Because our resolution of this issue concerns the interpretation of the statute, we must apply the rules of statutory interpretation.

■ The primary rule of statutory interpretation is to ascertain and give effect to the legislature's intent. This is derived from the language of the statute, evaluated as a whole, with each provision construed in connection with every other section. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397 (1994). Statutes should be construed so that no provision is rendered superfluous or meaningless. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). In addition, where the statutory language is clear and unambiguous, it must be given effect without resorting to aids for construction. *Board of Education of Rockford School District No. 205 v. Illinois Educational Labor Relations Board*, 165 Ill. 2d 80, 87 (1995).

■ The general purpose of the Act is to protect the interests of minors. See 705 ILCS 405/1—2 (West 1994). This includes protecting the confidentiality of the minor's identity. The State has an interest in the nondisclosure of the identity of an abused minor. *In re A Minor*, 149 Ill. 2d 247, 255 (1992). The abused minor also has a "compelling interest" in avoiding the invasion of his or her privacy. *A Minor*, 149 Ill. 2d at 255.

However, the statute's plain language provides that interested persons, such as the Department, are permitted to inspect juvenile court records. Contrary to appellant's assertion, section 1—8 is not limited to records of delinquency proceedings. Appellant's premise that the statute "at no place makes references to abused minors" is erroneous. Subsection (H) concerns proceedings under article II of the Act, which pertains to abused, neglected or dependent minors (see 705 ILCS 405/2—1 *et seq.* (West 1994)). 705 ILCS 405/1—8(H) (West 1994).

■ Although some subsections specifically address records in delinquency proceedings (see 705 ILCS 405/1—8(A)(2), (C)(1), (C)(2) (West 1994)), the statute itself has no such limitation. Subsection (A), which provides a list of persons who have access to records, pertains to the "[i]nspection and copying of juvenile court records relating to a minor who is the subject of a proceeding under" the Act. 705 ILCS 405/1—8(A) (West 1994). Subsection (C) states, in part:

> "Except as otherwise provided in this subsection (C), juvenile court records shall not be made available to the general public but may be inspected by representatives of agencies, associations and news media or other properly interested persons by general

or special order of the court. The State's Attorney, the minor, his parents, guardian and counsel shall at all times have the right to examine court files and records." 705 ILCS 405/1—8(C) (West 1994).

Had the legislature intended to limit section 1—8 to delinquency proceedings, it would have so provided.

Further, section 1—8 falls within article I of the Act, which is entitled "General Provisions." See 705 ILCS 405/1—1 *et seq.* (West 1994). This indicates that it applies to all juvenile court proceedings. See *Wilcoxen v. Paige*, 174 Ill. App. 3d 541, 542 (1988) (title of act is part of the statute and should be considered in construing it). Finally, if section 1—8 does not apply to records in abuse and neglect proceedings, then there is no statutory protection for the confidentiality of abused and neglected minors. That would be contrary to the purpose of the Act. Thus, we conclude that section 1—8 applies to abuse and neglect proceedings; that subsections (C)(1) and (C)(2) allow the public access to some information in some delinquency cases merely reflects the greater protection accorded abused minors. See *In re J.S.*, 267 Ill. App. 3d 145, 149 (1994) (discussing *A Minor*).

Appellant's reliance on section 1—8.1 (705 ILCS 405/1—8.1 (West 1994)), which contains the legislative findings regarding juvenile crime, is misplaced. That section relates to the Serious Habitual Offender Comprehensive Action Program (see 705 ILCS 405/1—8.2 (West 1994)) and does not relate to section 1—8, the general provisions ensuring the confidentiality of all juvenile court records. See 705 ILCS 405/1—8(G) (West 1994). We conclude that the court could allow the Department to view the records.

■ Appellant further argues that the court abused its discretion in permitting the Department access to the records. Appellant urges us to apply the balancing test set forth in *People v. Puente*, 98 Ill. App. 3d 936 (1981). In *Puente*, the appellate court considered whether a defense witness could be impeached with a delinquency adjudication; it balanced the importance of the witness' testimony against the policy of preserving the anonymity of a juvenile offender. *Puente*, 98 Ill. App. 3d at 941.

The Department responds that *Puente* is inapposite and, in any event, the balancing standard enunciated in that case has been superseded by statute. See *People v. McClendon*, 146 Ill. App. 3d 1004, 1010-11 (1986). We agree with the Department and decline to apply the *Puente* test.

■ Appellant further argues that because the Department could have requested all the information necessary to the disciplinary action from appellant and it may request the attendance of witnesses,

the Department may obtain all of the information without resorting to viewing the juvenile court records. However, appellant makes this argument for the first time in his reply brief. It is therefore waived. *Poelker v. Warrensburg-Latham Community Unit School District No. 11*, 251 Ill. App. 3d 270, 286 (1993).

Concerns about protecting the minor's identity have been adequately addressed by the Department's agreement to have her name excluded from all of the records to be inspected. In addition, the Department is allowed to inspect only the pleadings, docket entries, and orders and is not permitted to examine any reports or other documents in the file. These limitations are sufficient to secure the minor's confidentiality. We conclude that the court's order was not an abuse of discretion.

We therefore affirm the order of the circuit court of Winnebago County.

Affirmed.

RATHJE and HUTCHINSON, JJ., concur.