DAVID B. DOCHERTY, as Father and Next Friend of Philip M. Docherty, a Minor, *et al.*, Plaintiffs-Appellants, v. ROGER L. SADLER, Defendant-Appellee.

Fourth District   No. 4—97—0229

Argued September 23, 1997.—Opinion filed December 31, 1997.

John W. Robertson (argued) and John R. Rehn, both of Barash & Stoerzbach, P.C., of Galesburg, for appellant.

Karen L. Kendall (argued), Craig L. Unrath, and Gary D. Nelson, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Minor plaintiff, Philip Docherty, was injured when defendant's dog collided with him. Minor plaintiff's father brought a complaint under the Animal Control Act (Act) (510 ILCS 5/1 *et seq.* (West 1996)). Defendant moved to dismiss, stating minor plaintiff was an "owner" for purposes of the Act and thereby exempt from protection under the Act. The trial court granted defendant's motion and dismissed the complaint with prejudice. Plaintiffs appeal, arguing minor plaintiff was not clearly aware of the risks that ultimately produced the injury and could not have assumed the risk of injury.

## I. BACKGROUND

In November 1996, plaintiffs and defendant were neighbors. Defendant made arrangements for 10-year-old minor plaintiff Philip Docherty and his 12-year-old sister to care for defendant's dog. Defendant was to be out of town for five days.

Minor plaintiff was taken to defendant's home and shown the location of the items necessary to care for the dog. Minor plaintiff was to feed the dog and provide it with water. Later that evening, after defendant had left his residence, minor plaintiff and his sister returned, letting the dog out into the backyard. The dog ran around the corner of the house and, on its return, collided with minor plaintiff. Plaintiffs alleged severe and permanent injuries.

■ The Act states, in relevant part:

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." 510 ILCS 5/16 (West 1996).

Additionally, the Act provides:

> " 'Owner' means any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, *or who has it in his care, or acts as its custodian,* or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him." (Emphasis added.) 510 ILCS 5/2.16 (West 1996).

The trial court found minor plaintiff to be an "owner" of the dog and thereby unprotected by the Act: "He was neither an innocent bystander nor a person within the class of persons protected by the [A]ct. His relationship to the animal objectively excludes him from the protected class."

## II. ANALYSIS

On appeal, plaintiffs argue "the injury to the [10-]year[-]old plaintiff was the result of a freak occurrence which was not a risk appreciated by or knowingly assumed by the [10-]year[-]old plaintiff." Plaintiffs contend the minor's status as "owner" under the Act ought not exempt him from protection. Defendant responds "plaintiff [minor] was not an innocent bystander at the time of his injury. He does not, therefore, fall within the class of persons that the Act was designed to protect."

■ In considering a motion to dismiss under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)), the trial court must view all pleadings and supporting documents in the light most favorable to the nonmoving party. "The court should grant the motion only if plaintiff can prove no set of facts that would support a cause of action." *Toombs v. City of Champaign,* 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51 (1993). As this process involves no determination of weight of facts or credibility, reviewing courts need not defer to the trial court's judgment, but will review the matter *de novo. Toombs,* 245 Ill. App. 3d at 583, 615 N.E.2d at 51.

■ The purpose of the Act was to eliminate the "one-bite rule" which, at common law, required a plaintiff to plead and prove a dog owner either knew or was negligent in not knowing a dog had a propensity to injure people. *Harris v. Walker,* 119 Ill. 2d 542, 547, 519 N.E.2d 917, 918 (1988).

Narrowly construing the Act in favor of those subject to its operation, the court in *Harris* stated the legislature intended to provide protection through the Act "for plaintiffs who, by virtue of their relationship to the owner of the dog or other animal or the lack of any such relationship, may not have any way of knowing or avoiding the risk that the animal poses to them." *Harris,* 119 Ill. 2d at 547, 519 N.E.2d at 919. *Harris* involved a plaintiff who was injured when he

fell off a horse he rented from riding stables owned and operated by the defendant. The plaintiff had signed an exculpatory agreement. The trial court granted defendant's motion for summary judgment. Because the plaintiff had claimed to fully understand and accept the risks of horseback riding, the appellate court found the plaintiff had taken himself out of the class of persons the legislature intended to protect. The supreme court held "where a person rents a horse and understands and expressly accepts the risks of using the horse, he cannot recover damages from the person who rented the horse" under the Act. *Harris*, 119 Ill. 2d at 548, 519 N.E.2d at 919.

■ An "owner" is any person having a right of property in an animal or who keeps or harbors an animal or who has it in his care or acts as its custodian or who knowingly permits a domestic animal to remain on or about any premises occupied by him. 510 ILCS 5/2.16 (West 1996). "[T]he Act contemplates some degree of care, custody, or control." *Steinberg v. Petta*, 114 Ill. 2d 496, 502, 501 N.E.2d 1263, 1266 (1986) (absentee landlord who allowed tenant to have a pet on the premises was not an owner because he was not a harborer or a keeper, and therefore not subject to liability under the Act).

In *Wilcoxen v. Paige*, 174 Ill. App. 3d 541, 542, 528 N.E.2d 1104, 1105 (1988), plaintiff, owner and operator of a dog boarding and grooming business, agreed to board defendant's dog for a fee. While under plaintiff's control and care, defendant's dog seriously injured plaintiff. The trial court granted defendant's motion for summary judgment. The court articulated the purpose of the Act as to encourage tight control of animals in order to protect the public from harm. "[T]he Act imposes penalties against not only an animal's legal owner, but also against anyone who places himself in a position of control akin to an owner." *Wilcoxen*, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106. Thus, where one accepts responsibility for controlling an animal, she may not maintain a cause of action for injuries resulting from her own failure to control the animal. The court held plaintiff, by voluntarily accepting responsibility for control of defendant's dog, placed herself within the Act's definition of owner; therefore, the trial court correctly ruled she could not recover from the dog's legal owner since her injuries resulted from her own failure to control the dog. *Wilcoxen*, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106.

In *Hassell v. Wenglinski*, 243 Ill. App. 3d 398, 399, 612 N.E.2d 64, 64-65 (1993), plaintiff, an employee of defendant, agreed to walk defendant's dogs as a favor to defendant. Plaintiff alleged she was holding the dogs' leashes when the dogs suddenly pulled forward, causing her to trip, fall, and injure herself. The trial court granted

defendant's motion for judgment on the pleadings. Even though plaintiff's duties did not normally include exercise of the dogs, because (1) the dogs were in her custody, (2) she had an existing relationship with defendant, (3) she voluntarily assumed care and custody of the dogs as a favor to defendant, and (4) she was injured while exercising control of the dogs, she was an owner and not entitled to recover under the Act. Further, the appellate court noted nothing in the Act requires a person to exercise care or custody of an animal for a set period of time in order to meet the definition of "owner." *Hassell*, 243 Ill. App. 3d at 402, 612 N.E.2d at 66.

In *Eyrich v. Johnson*, 279 Ill. App. 3d 1067, 1068-69, 665 N.E.2d 878, 879 (1996), plaintiff was hired by defendant to feed and water hogs and clean their pens. While the animals, on defendant's property, were in plaintiff's care, plaintiff was bitten. The trial court granted defendant's motion for summary judgment. The appellate court found plaintiff was an "owner" under the Act because it was his job to take care of the animal and he was doing so at the time of the injury. Therefore, the appellate court concluded plaintiff was not the type of person the legislature intended to protect under the Act. *Eyrich*, 279 Ill. App. 3d at 1070-71, 665 N.E.2d at 880.

■ In this case, minor plaintiff falls within the statutory definition of an "owner." Minor plaintiff did have the dog "in his care" and was acting "as its custodian." See 510 ILCS 5/2.16 (West 1996). The degree of care, custody, or control contemplated by the Act is satisfied here. See *Steinberg*, 114 Ill. 2d at 502, 501 N.E.2d at 1266. Plaintiff minor placed himself in a position of control akin to an owner and accepted responsibility for control of the animal. See *Wilcoxen*, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106. He voluntarily assumed care and custody of the dog and was injured while exercising control of the dog. See *Hassell*, 243 Ill. App. 3d at 402, 612 N.E.2d at 66. He is an "owner" irrespective of the relatively short period of time he was to care for the dog. See *Hassell*, 243 Ill. App. 3d at 402, 612 N.E.2d at 66. A plaintiff responsible for the feeding and watering of an animal, if injured while providing such care, is an owner for purposes of the Act. See *Eyrich*, 279 Ill. App. 3d at 1070-71, 665 N.E.2d at 880. Therefore, plaintiff minor here is an "owner" for purposes of the statute.

With the dog "in his care," minor plaintiff was acting "as its custodian," placing himself in a position of control akin to an' owner and accepting responsibility for control of the animal. His care was to extend five days; he was not simply asked to hold the leash. Minor plaintiff exercised control over the dog. His responsibilities in feeding the dog, providing it with water, and letting it into the yard clearly assign him the status of owner.

We recognize plaintiffs' argument is premised upon assumption of the risk. See *Meyer v. Naperville Manner, Inc.*, 262 Ill. App. 3d 141, 149, 634 N.E.2d 411, 416 (1994) (finding one who voluntarily assumes control of an animal places himself in the position of the owner). However, as minor plaintiff was an owner of the dog, we decline to apply an assumption of the risk analysis and find no error in the trial court's dismissal of plaintiffs' case.

We are not unsympathetic to minor plaintiff's plight. The accident was unfortunate. However, the Act itself and judicial interpretations exclude "owners" from the Act's protection. See *Wilcoxen*, 174 Ill. App. 3d at 543, 528 N.E.2d at 1106. It is for the legislature to determine whether to extend the protection of the Act to those such as the minor plaintiff, who temporarily care for an animal.

## III. CONCLUSION

We affirm the trial court's judgment dismissing plaintiffs' complaint with prejudice.

Affirmed.

GREEN and STEIGMANN, JJ., concur.