17 November 2000

No. 2--99--1311

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

LINDA VanPLEW,                  ) Appeal from the Circuit Court

                                ) of Kane County.

     Plaintiff-Appellant,       ) 

                           )

v.                              ) No. 98-L-0022           

                                ) 

ROBERT RICCIO and MARGO RICCIO; )                  

and SANDY ALLTOP, Indiv.        )

and d/b/a Critter Sitters,      ) Honorable

                                ) Pamela K. Jensen,

Defendants-Appellees.      ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Linda VanPlew, the plaintiff, appeals the trial court's decision to grant the motion of defendants Robert and Margo Riccio (the Riccios) for summary judgment in a case where the plaintiff was attacked by the Riccios' dog.  We affirm.

The following facts are taken from the pleadings.  The plaintiff worked for Critter Sitters as a pet sitter.  In December 1997, the Riccios called Critter Sitters in preparation for their Florida vacation.  In response, the plaintiff called the Riccios and visited their home on December 8, 1997.  During this meeting, 
the plaintiff spoke with Mr. Riccio briefly, gave him some paperwork, and petted the dog.  This first meeting lasted approximately 15 minutes. 

The following day, the plaintiff returned to the Riccios' home with her husband.  Mr. Riccio gave the plaintiff the completed paperwork and instructed the plaintiff to feed the dog and let it out while they were away.  The plaintiff alleged that she was not instructed to play with or walk the dog or perform any other duties.  This second visit lasted approximately 30 minutes.  During the visit, the plaintiff petted the dog in the Riccios' presence. 

The Riccios left for their vacation the following day,  December 10, 1997, and the plaintiff went to the Riccios' home to attend to the dog.  The plaintiff let the dog outside and remained in the home for approximately 10 minutes before letting the dog back in and leaving.  The plaintiff did not feed the dog during this visit.

The following morning, December 11, 1997, the plaintiff returned to the home, fed the dog, and gave it fresh water in its bowl.  The dog then grabbed a rawhide bone from the family room, and the plaintiff let the dog outside, attaching the dog to its chain.  After five minutes, the plaintiff opened the door and the dog bared its teeth.  In response, the plaintiff closed the door, took a Milkbone treat from the cabinet, and opened the door.  At this point, the dog dropped the rawhide bone onto the floor, just over the threshold, and took the treat.  The dog remained outside as the plaintiff closed the door and moved the rawhide bone with her foot.  After the dog ate the treat, the plaintiff opened the door and stepped out onto the stoop to let the dog in the house.  At this point, the dog made a "vicious-type noise" and grabbed the plaintiff's thigh, knocking her down off the foot-high stoop.  The dog continued to bite and growl as the plaintiff struggled to crawl out of the dog's reach.  The plaintiff eventually made it back into the house.

The plaintiff alleged that she sustained fractures to the second and third metatarsal of her left foot, requiring two surgeries, including bone grafting.  The plaintiff also allegedly suffered puncture wounds on her leg and an exacerbation of a congenital structural brain difficulty resulting in increased headaches and vision problems.

The plaintiff filed a two-count complaint seeking damages for personal injury.  The first count alleged liability under section 16 of the Illinois Animal Control Act (Act) (510 ILCS 5/16 (West 1998)), and the second count alleged common-law negligence.  The trial court granted the Riccios' motion for summary judgment as to both counts, reasoning that recovery under the Act was precluded because the plaintiff was an "owner" under the Act's definition (510 ILCS 5/2.16 (West 1998)).  The plaintiff filed this timely appeal, challenging only the trial court's decision regarding count I.  

We note that the plaintiff's complaint also contained a count against Critter Sitters and its owner, Sandy Alltop.  This count was dismissed and is not at issue in this appeal.  

On appeal, the plaintiff argues that the trial court erred by granting the Riccios' motion for summary judgment as to count I.  The plaintiff argues that the trial court improperly found that she was precluded from recovery under the Act because she was an "owner" within the meaning of the Act.  We disagree with the plaintiff.

Summary judgment is a drastic method of disposing of litigation and should be allowed only when the right to it is clear and free from doubt.  
Petrovich v. Share Health Plan of Illinois, Inc.
, 188 Ill. 2d 17, 31 (1999).  If a genuine issue of material fact exists, the motion must be denied.  
Krueger v. Oberto
, 309 Ill. App. 3d 358, 367 (1999).  In making its decision on a summary judgment motion, the trial court must strictly construe the evidence against the moving party and in favor of the opponent.  
Krueger
, 309 Ill. App. 3d at 367.  We review the granting of a summary judgment motion 
de novo
.  
Petrovich
, 188 Ill. 2d at 30.

Section 16 of the Act provides: 

"If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained."  510 ILCS 5/16 (West 1998).

To prevail under section 16 of the Act a plaintiff must prove  (1) his injury was caused by an animal owned by the defendant;  (2) a lack of provocation;  (3) peaceful conduct by the plaintiff;  and (4) the plaintiff was in a place where he had a legal right to be.  
Carl v. Resnick
, 306 Ill. App. 3d 453, 463 (1999).  Further, it is well established that a plaintiff may not recover under section 16 of the Act if the plaintiff is an "owner" within the meaning of the Act.  The Act defines "owner" as:

"[A]ny person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him."  510 ILCS 5/2.16 (West 1998).

Further, where a person voluntarily accepts responsibility for controlling or caring for a dog or other animal, that person is an "owner" within the meaning of the Act and is precluded from recovery under the Act.  See 
Eyrich v. Johnson
, 279 Ill. App. 3d 1067, 1070 (1996).  For example, in 
Hassell v. Wenglinski
, 243 Ill. App. 3d 398 (1993), the appellate court held that a home-care worker who was injured while she voluntarily walked her employer's dog was an "owner" and was precluded from recovery under the Act.  
Hassell
, 243 Ill. App. 3d at 400.  In 
Docherty v. Sadler
, 293 Ill. App. 3d 892 (1997), the appellate court held that a 10-year-old boy who agreed to take care of a neighbor's dog while the neighbor was away was an "owner" and was precluded from recovery under the Act.  
Docherty
, 293 Ill. App. 3d at 896.  In 
Wilcoxen v. Paige
, 174 Ill. App. 3d 541 (1988), the appellate court held that the operator of a dog boarding and grooming business who was injured by a dog that was in her care was an "owner" and was precluded from recovery under the Act.  
Wilcoxen
, 174 Ill. App. 3d at 543.  Finally, in 
Eyrich
, the appellate court held that a farm worker who was injured by a boar when he entered the boar's pen to retrieve a feed pan was precluded from recovery under the Act.  
Eyrich
, 279 Ill. App. 3d at 1070.  Thus, when a plaintiff has "voluntarily assumed care and custody of [a dog] and [is] injured while exercising control of the dog," the plaintiff may not recover under the Act.  
Docherty
, 293 Ill. App. 3d at 896.

The plaintiff argues, and we agree, that "ownership" is normally a fact question for the jury to decide.  See 
Steinberg v. Petta
, 114 Ill. 2d 496, 502 (1986).  However, where, as in this case, there is no genuine issue of material fact concerning the plaintiff's status as an "owner," summary judgment is proper.  See 
Eyrich v. Johnson
, 279 Ill. App. 3d 1067, 1070 (1996).

In this case, the plaintiff falls within the judicially construed statutory definition of "owner."  Like the boy in 
Docherty
, the plaintiff here had the dog in her care and was acting as its custodian when the dog attacked her. The plaintiff voluntarily placed herself in a "position of control akin to an owner and accepted responsibility for control of the animal."  
Docherty
, 293 Ill. App. 3d at 896. 

Further, the fact that the plaintiff's contact with the dog was brief did not change the nature of the contact.  That is, it is uncontroverted that the plaintiff accepted responsibility for the dog and that the dog was in the plaintiff's care; she was responsible for feeding the dog, providing water for the dog, and letting the dog outside.  Her "responsibilities in feeding the dog, providing it with water, and letting it into the yard clearly assign[ed her] the status of owner."  
Docherty
, 293 Ill. App. 3d at 896; see also 
Hassell
, 243 Ill. App. 3d at 402 ("Nothing in the Act, however, requires a person to exercise care or custody of an animal for a set period of time in order to meet the definition of 'owner' "). 

The plaintiff cites 
Steinberg v. Petta
, 114 Ill. 2d 496 (1986), 
McEvoy v. Brown
, 17 Ill. App. 2d 470 (1958), and 
Thompson v. Dawson
, 136 Ill. App. 3d 695 (1985).  These cases are distinguishable from the case at bar.  In 
Steinberg
, defendant was an absentee landlord whose tenant owned a dog that bit plaintiff.  Unlike the plaintiff here, the absentee landlord in 
Steinberg
 had no contact with the dog, did not care for, water or feed the dog, and assumed no responsibility for the dog.  Further, in 
Thompson
, defendants placed water and food in their yard for a stray dog, but provided no shelter, had no contact with, and assumed no control or responsibility for the dog.  In 
McEvoy
, while  her son-in-law's dog was in plaintiff's backyard during a visit from her grandchildren, plaintiff fed the dog only once before the dog injured her.  Unlike the case at bar, the degree of control and responsibility in these cases did not rise to a level of "ownership."  Thus, these cases are not controlling here. 

The plaintiff also cites numerous cases from the courts of other states.  To the extent the plaintiff has found contrary authority in some foreign jurisdictions, we decline to adopt their reasoning and accept, instead, the reasoning established in the cases of our own state.  Although decisions of courts of foreign jurisdictions, when relevant, may be examined for such value as we find in them, these cases are not binding on this court.  
Skipper Marine Electronics, Inc. v. United Parcel Service, Inc.
, 210 Ill. App. 3d 231, 239 (1991).

The plaintiff also argues that the definition of "ownership" cannot be as broad as our interpretation here because the definition also applies to section 8 of the Act requiring "owners" to innoculate their dogs from rabies.  See 510 ILCS 5/8 (West 1998).  The plaintiff asserts that the legislature did not intend to extend such responsibility to persons who, like her, undertake brief and minimal responsibilities for a dog.  However, the plaintiff cites nothing in the language of the statute, legislative history, or judicial interpretation to support this argument.  We acknowledge that the interpretation of the term "owner" as used in the Act may cause some confusion in its application to the rabies section of the Act.  However, in light of the numerous cases supporting our interpretation in this case, this potential confusion does not affect the outcome here.  Therefore, we determine that the trial court properly granted summary judgment in the Riccios' favor as to count I of the plaintiff's complaint.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

GEIGER and HUTCHINSON, JJ., concur.