JASON VERRETT, A MINOR, BY HIS FATHER AND
NATURAL GUARDIAN, LEO VERRETT,
AND ANOTHER v. JERRY SILVER.

244 N. W. 2d 147.

July 2, 1976—No. 46041.

*Errol K. Kantor,* for appellants.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, R. D. Blanchard,* and *J. Richard Bland,* for respondent.

YETKA, JUSTICE.

This is a dog-bite action brought by plaintiffs pursuant to Minn. St. 347.22, to recover for damages arising out of an incident in which 5-year-old Jason Verrett was injured.[1] Defendant's liability is dependent upon whether, under the peculiar facts of this case, he is an "owner" of the dog within the language of § 347.22, which provides that "[t]he term 'owner' includes any person harboring or keeping a dog."

Defendant is the owner of a house across the street from the house where the minor plaintiff resided with his parents in the city of Minneapolis. Defendant is single and lives with two other persons. A woman, Carol Robinson, moved into defendant's residence about 3 weeks prior to the dog-bite incident. Her house, according to defendant's testimony, was being redecorated and she was to stay until the redecorating was completed. She paid no rent during her stay of 3 weeks. She brought the dog to the home after being there about a week. The animal was a large, black dog described as a Great Dane and Labrador mix. Ms. Robinson paid for the dog's food and generally kept the dog in her bedroom, but occasionally the dog was allowed to run loose. Although defendant was seen petting and playing with the dog, he testified that he did not like the dog because of its size and had requested Ms. Robinson to remove the dog from the premises. Defendant, after the dog had been in the home about

---

[1] Minn. St. 347.22 provides as follows: "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be in any urban area, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term 'owner' includes any person harboring or keeping a dog. The term 'dog' includes both male and female of the canine species."

a week, left for a vacation and returned home the day after the dog-bite incident.

On August 5, 1973, the minor plaintiff was playing with his cousin, Joey, on Chowen Avenue near his parents' home. His parents were in their home at this time. The children were building a sign. They had a hammer, nails and some sticks. The boy told his mother, "Joey and I were playing with sticks and we were swinging the sticks and the dog came running at me." The minor plaintiff testified the dog bit him. He also stated that he had seen the dog come from defendant's yard and return there after having bitten him. There was no dispute that the dog which bit the boy was the dog staying at defendant's home.

At the close of all the testimony, the trial court overruled plaintiff's motion that defendant should be held liable as a matter of law. The case was submitted to a jury, which returned a verdict for defendant.

The jury was instructed on the issue of whether defendant was harboring or keeping a dog as follows:

"Now, let us talk about the word owner. You must determine whether or not the Defendant Silver was the owner of the dog that bit Jason. It is the finding by the Court that the Defendant Silver was not the actual owner of the dog. However, it is not necessary that the plaintiff prove that the Defendant Silver was the registered or actual owner since the statute defines an owner as including any person who either harbors or keeps a dog. Harboring or keeping a dog means something more than a meal of mercy to a stray dog or the casual presence of a dog on someone's premises. Harboring means to afford lodging, to shelter or to give refuge to a dog. Keeping a dog, as used in the statute before us, implies more than the mere harboring of the dog for a limited purpose or time. One becomes the keeper of a dog only when he either with or without the owner's permission undertakes to manage, control or care for it as dog owners in general are accustomed to do. Thus in order to find for the plaintiff you must find that the defendant was the owner of the dog as the term is

used under the statute either as a harborer, as a keeper, as I have just defined."

This instruction properly states the law concerning the liability of one who harbors or keeps a dog as declared by courts of other states. Hunt v. Hazen, 197 Ore. 637, 254 P. 2d 210 (1953); Elender v. White, 14 So. 2d 280 (La. App. 1943); Hagenau v. Millard, 182 Wis. 544, 195 N. W. 718 (1923).

We hold that whether defendant was harboring or keeping the dog, under the peculiar facts of this case, was an issue of fact which was properly submitted to the jury with instructions that conveyed the meaning of the statute.

The other points raised have been considered and determined to be without merit.

Affirmed.