Julie TSCHIDA, Respondent,

v.

**John BERDUSCO and Michelle Berdusco, Appellants.**

No. C4-90-410.

Court of Appeals of Minnesota.

Nov. 6, 1990.

Review Denied Dec. 20, 1990.

Joseph H. Rivard, Joseph H. Rivard, P.A., St. Paul, David W. Nord, Rippe, Hammell & Murphy, Caledonia, for respondent.

A. James Dickinson, Suzanne Wolbeck Kvas, Stringer & Rohleder, Ltd., St. Paul, for appellants.

Considered and decided by NORTON, P.J., and RANDALL and LOMMEN,* JJ.

## OPINION

NORTON, Judge.

Dog owners, John and Michelle Berdusco, appeal from a verdict and judgment in favor of veterinary employee, Julie Tschida, under the dog owners liability statute.

## FACTS

On August 7, 1986, Julie Tschida went to her summer job as a receptionist at the Highland Animal Hospital in St. Paul. Michelle Berdusco brought her dog to the clinic that morning for surgical sterilization. The dog was taken into a kenneling area and the veterinarian administered a preanesthetic sedative injection.

At about 11:00 in the morning, the veterinarian asked Tschida to go to the kennel area and bring the dog into the operating room. The dog was lying on the floor, sedated but awake. Tschida put a leash around the dog's neck and tried to get the dog to get up and come with her. The dog would not respond and Tschida decided to get help. She removed the leash and left it laying on the floor near the dog. She started to leave the kennel area but realized that she was not to leave a leash near an anesthetized unattended dog because of the danger of injury. As she turned and knelt down to pick up the leash, the dog bit her on the chin.

Tschida sued John and Michelle Berdusco, the owners of the dog, under the Minnesota dog owners liability statute. Berdus-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

cos opposed on the grounds that Tschida's injury did not fall within the scope of the statute.

Berduscos moved to dismiss the complaint for failure to state a claim. The motion to dismiss was made upon the grounds that strict liability under the dog owners liability statute cannot apply where the owner has surrendered control of the dog to a veterinarian. The trial court denied the motion to dismiss on the grounds that no such exemption appears on the face of the statute.

At the close of the evidence, Berduscos and Tschida both moved for a directed verdict. Both motions were denied. The jury returned a verdict that Tschida did not provoke the dog and determined damages in the amount of $82,500. Berduscos then moved for a JNOV, new trial or remittitur. Their motions were denied and judgment was entered in favor of Tschida. Berduscos' appeal included the issue that the dog owners liability statute does not apply as a matter of law to these facts.

### ISSUE

Is a dog owner liable under the dog owners liability statute where his or her dog, in the possession and control of a veterinarian, injures a veterinary employee?

### ANALYSIS

The question whether the dog owners liability statute excepts the legal owners from liability to a veterinarian assistant is a matter of statutory interpretation. This is a question of law and this court is not bound by the trial court's determination. *A.J. Chromy Constr. v. Commercial Mechanical Serv., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

Minnesota Statutes section 347.22 (1988) states:

If a dog, without provocation, attacks or injures any person who is acting peaceably in any place where the person may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term "owner"

includes any person harboring or keeping a dog but the owner shall be primarily liable. The term "dog" includes both male and female of the canine species.

The statute contemplates either two or three parties to a dog bite action: the third party victim, the first party legal owner, and in some cases, the second party harborer or keeper. A two person action would involve the involuntary victim and the first party legal owner.

The statute appears designed to protect third parties from injuries. The statute permits them to maintain an action, not only against the legal owners of the dog, but also against any other parties, "owners," who have possession and control of the dog. Within this framework, the legal owner would be "primarily liable," as stated in the statute, to a third party victim. *See* Minn.Stat. § 347.22. The "owner" harboring or keeping the dog would be secondarily liable to a third party victim. The Minnesota Supreme Court has defined harboring as giving lodging, shelter, or refuge to a dog for longer than a limited time or for more than a limited purpose. *Verrett v. Silver*, 309 Minn. 275, 244 N.W.2d 147, 149 (1976). The court has interpreted a keeper of a dog as used in the statute to mean a person who "with or without the owner's permission undertakes to *manage, control or care* for [the dog] as dog owners in general are accustomed to do." *Id.* (emphasis added).

The statute may be analyzed as not creating strict liability for a two party action involving people who both meet the statutory definition of owner. Thus, the question in this case becomes whether an "owner" under the statute, who harbors or keeps a dog and is injured by the dog, may maintain a statutory strict liability action against the legal owner. Whether one owner can maintain an action against another owner is a matter of first impression in this state so that law in other jurisdictions is helpful.

Appellants cite *Wilcoxen v. Paige*, 174 Ill.App.3d 541, 124 Ill.Dec. 213, 528 N.E.2d 1104 (1988), that when an individual accepts

responsibility for controlling a dog, that individual becomes an owner within the definition of the Illinois dog owners liability statute. *Id.* at 543, 124 Ill.Dec. at 215, 528 N.E.2d at 1106. That individual cannot maintain a cause of action for injuries resulting from her own inability to control the dog. *Id.* The Illinois statute provides:

> If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained. Ill.Rev. Stat.1987, ch. 8, par. 366.

> Section 2.16 of the Act states:

> "Owner" means any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him. Ill.Rev.Stat.1987, ch. 8, par. 352.16.

*Id.* The *Wilcoxen* court did not allow recovery by the dog boarding operator from the legal owner because she voluntarily accepted responsibility for the dog and had become an owner under the statute. *Id.*

Although the facts of *Wilcoxen* concern the owner and operator of a dog boarding and grooming business being attacked by a dog in her care, the situation is similar to this case where the appellants' dog was in the care of a veterinarian and respondent, as his employee. In both cases, a dog was in the care of an "owner" harboring or keeping it at the request of the legal owner. The Minnesota dog owners liability

statute is not substantially different from the Illinois statute to indicate that it would hold a legal owner liable when his or her dog injures or attacks a second party "owner" harboring or keeping the dog as described under the statute.

Appellants also cite a Florida case involving a dog owners liability statute.[1] In *Wendland v. Akers*, 356 So.2d 368 (Fla. Dist.Ct.App.1978), *cert. denied* 378 So.2d 342 (Fla.1979), an assistant to a veterinarian was injured by a dog when assisting the veterinarian in the treatment of the dog. *Id.* at 368. The court did not hold the dog owner liable to the veterinary assistant because the injury occurred after the dog was delivered into the possession and control of the veterinarian for care and treatment and the veterinarian had accepted the employment and possession of the dog. *Id.* at 371.

This case is similar to *Wendland* in that the appellants' dog was taken to the veterinarian for care and treatment. The veterinarian agreed to treat the dog. The dog injured respondent while in the possession and control of the veterinarian and the respondent, as his employee. Respondent was assisting in the care of the dog at the time of the injury. The veterinarian and respondent, as his employee, were keeping the dog as described under the Minnesota dog owners liability statute.

 We interpret the Minnesota dog owners liability statute to include as an owner a second party who harbors or keeps a dog after accepting the delivery of possession and control from the legal owner. Where there is no negligence by the legal owner, we further interpret the statute to

---

**1.** The Florida statute states:

> The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal

> regulations of the United States, or when he is on such property upon invitation, expressed, or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischieviously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog."

> *Wendland v. Akers,* 356 So.2d 368, 369 n. 2 (Fla.Dist.Ct.App.1978) (citing Fla.Stat. § 767.04).

exclude liability of the legal owner to the second party owner for damages from being attacked or injured by the dog. Therefore, we hold that appellants are not strictly liable under Minn.Stat. § 347.22 for respondent's injuries resulting from their dog biting her while she was performing her job and the dog was in the keeping of the veterinarian and respondent, as his employee.

## DECISION

For the reasons stated herein, appellants' motion to dismiss should have been granted by the trial judge.

Reversed.