**A–Jay A. WOJCIECHOWSKI, By his parent and natural guardian Terry J. WOJCIECHOWSKI, Appellant,**

v.

**Terry HARER, et al., Respondents,**

and

**Jack SCUDDER, et al., Defendants and Third-Party Plaintiffs, Respondents,**

v.

**Terry A. WOJCIECHOWSKI, et al., Third–Party Defendants.**

**No. C4–92–1531.**

Court of Appeals of Minnesota.

March 2, 1993.

Owen R. Humphreys, Hebert, Welch, Humphreys, & Grindberg, P.A., Forest Lake, for A–Jay A. Wojciechowski.

Robert J. Rancourt, Forest Lake, for Terry Harer, et al.

Kent F. Spellman, Kathleen F. MacLennan, Bloomington, for Jack Scudder, et al., respondents.

Considered and decided by AMUNDSON, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

AMUNDSON, Judge.

Appellant challenges a grant of summary judgment for respondents wherein the trial court determined a mobile home park landlord has no duty to control a tenant's dog within the confines of the tenant's lot. We affirm.

## FACTS

The material facts of this case are not in dispute. On July 16, 1986, appellant, two-year-old A–Jay Wojciechowski, was under the care of Carol Harer at her mobile home located on a lot in Sunrise Estates Park. Appellant was playing in Harer's fenced-in yard when her dog, a seventy pound Black Labrador, attacked appellant, causing severe facial injuries.

Respondent Sunrise Estate Park is owned by respondent William J. Ulvin and managed by respondents Jack and Diana Scudder. Appellant, by and through his father, sued Sunrise Estates Park, Ulvin and the Scudders, alleging they were liable under a general negligence theory for failing to enforce the rules and regulations of the park and for failure to ensure reasonable safety in those parts of the park under their control.

The trial court granted summary judgment for respondents. The court classified respondents as a "landlord" and determined they had no legal duty, statutory or implied, to control the dog. Accordingly, the trial court determined no cause of action could be maintained against respondents and dismissed the action. This appeal followed.

## ISSUE

Did the trial court err in determining the landlords of the mobile home park were not owners of the tenant's dog under Minn. Stat. § 347.22 (1986) and were under no duty to control the dog and therefore could not be held liable for the dog's attack upon appellant?

## ANALYSIS

■ On appeal from a summary judgment, the role of the reviewing court is to review the record for the purpose of answering two questions: (1) whether there are any issues of material fact and (2) whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). Summary judgment is proper when no general issues of material fact exist and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03.

■ Appellant attempts to turn the issue of whether a mobile home park landlord has a duty to control a tenant's dog into a fact issue. Generally, however, the existence of a legal duty is an issue for the court to determine as a matter of law. *Larson v. Larson,* 373 N.W.2d 287, 289 (Minn.1985) (citing William Prosser, *Handbook of the Law of Torts* § 45 (4th ed. 1971)). Thus this appeal presents a purely legal question. A reviewing court is not bound by and need not give deference to a trial court's determination of a purely legal question. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ The dog-bite statute, Minn.Stat. § 347.22 (1986), provides:

If a dog, without provocation, attacks or injures any person who is acting peaceably in any place where the person may lawfully be, the *owner* of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term *"owner" includes any person harboring or keeping a dog* but the owner shall be primari-

ly liable. The term "dog" includes both male and female of the canine species. (Emphasis added.)

"Harboring" a dog means "to afford lodging, to shelter or to give refuge to a dog." *Gilbert v. Christiansen,* 259 N.W.2d 896, 897 (Minn.1977) (quoting *Verrett v. Silver,* 244 N.W.2d 147, 149 (Minn. 1976)). Keeping a dog

implies more than the mere harboring of the dog for a limited purpose or time. One becomes the keeper of a dog only when he either with or without the owner's permission undertakes to manage, control or care for it as dog owners in general are accustomed to do.

*Id.*

In *Gilbert,* an action was brought against the owner of a dog and the landlord of an apartment complex for injuries sustained when a dog bit a tenant within the confines of another tenant's apartment. The supreme court determined the landlord could not be held liable after determining that apartment managers are not harborers or keepers of tenants' dogs as these terms are used in section 347.22. *Gilbert,* 259 N.W.2d at 897. The court further stated this conclusion was applicable even though the apartment complex had a right to exercise control over dogs through rules and regulations relating to the care of pets in the complex and a right to exclude pets from the complex. *Id.*

Appellant attempts to distinguish between the landlord of an apartment complex and the landlord of a mobile home park. In this case, the mobile home park landlords had a right to enter tenants' lots. Appellant contends this right of entry gave rise to a duty to keep the areas of retained control reasonably safe for tenants and invitees and thus the landlords had a duty to control Harer's dog. We disagree.

It is evident the mobile home park landlords in this case did not "harbor" or "keep" Harer's dog. The dog was within the confines of Harer's mobile home lot at all times and the landlords never undertook any effort to control or manage the dog. The Sunrise Estates Park rules only allowed the landlords to enter the lot and

clean the lot up if the tenant refused to keep it clean. This limited right of entry in no way supports appellant's contention that the landlords exerted control over the lot or Harer's dog. Moreover, the park rules specifically provide that "[t]enants are responsible for their pet."

 We see no reason to distinguish between the landlord of a mobile home park and the landlord of an apartment complex. We find the *Gilbert* decision controlling. We hold the landlord of a mobile home park is not an "owner" of a tenant's dog under Minn.Stat. § 347.22 and is under no duty to control a tenant's dog within the confines of a tenant's lot. Accordingly, the landlord of a mobile home park may not be held liable for damages if the dog attacks someone within the confines of the tenant's lot.

## DECISION

The trial court did not err in granting respondents summary judgment because a landlord is not the "owner" of a tenant's dog under Minn.Stat. § 347.22 and is under no duty to control a tenant's dog within the confines of the tenant's lot.

Affirmed.