Nancy KENT, Appellant,

v.

James BLOCK, Respondent.

No. C3–00–1700.

Court of Appeals of Minnesota.

March 27, 2001.

Richard Newgren, Bloomington, MN, (for appellant).

Katherine A. McBride, Meagher & Geer P.L.L.P., Minneapolis, MN, (for respondent).

Considered and decided by CRIPPEN, Presiding Judge, HARTEN, Judge, and HANSON, Judge.

## OPINION

CRIPPEN, Judge

Prior case law establishes that the actual owner of a dog is not strictly liable for injuries suffered when the dog attacks or injures another person who is designated an owner because of "harboring" or "keeping" the animal.[1] Appellant, who was injured while dog-sitting respondent's dog, challenges the trial court's summary judgment that she was a "keeper" of the dog and, therefore, not entitled to recover on a strict liability claim against respondent. Because there is no merit to appellant's contention that a "keeper" under the statute is limited to those with control resembling that of an actual owner, we affirm.

## FACTS

The essential facts of this case are undisputed: Appellant Nancy Kent worked as a dental assistant for respondent James Block. As a favor to respondent, appellant promised him that she would go to his house daily to feed, water, and exercise his dog while respondent was gone on a one-week vacation. In April 1996, on the first day of respondent's vacation, appellant went to respondent's home to feed and water the dog. Appellant then took the dog out of his kennel in order to take him for a walk. She attached a leash to his collar and walked him to the front of respondent's yard. Just as they got to the front of the yard, the dog bolted, pulling appellant's shoulder out of joint. For the remainder of respondent's vacation, appellant did not walk the dog, but she did put out food and water for him.

Appellant sued respondent under Minn. Stat. § 347.22 (1999), Minnesota's dog-owners-liability statute, to recover for the injuries that she sustained while caring for respondent's dog. The parties filed cross-motions for summary judgment. The trial court granted respondent's motion, finding that appellant was "keeping" respondent's dog at the time that she sustained the injuries and, thus, she was an "owner" of the dog who could not maintain an action against respondent under section 347.22.

## ISSUE

Does the record permit this court to find that appellant was not "keeping" the dog that caused her injuries?

## ANALYSIS

▆▆▆ On an appeal from a summary judgment, we must determine whether any

---

1. *Tschida v. Berdusco*, 462 N.W.2d 410, 412–13 (Minn.App.1990) (interpreting Minn.Stat. § 347.22 (1988)), *review denied* (Minn. Dec. 20, 1990). In pertinent part, Minn.Stat. § 347.22 (2000) provides:

If a dog, without provocation, attacks or injures any person who is acting peaceably in any place where the person may lawfully be, the owner of the dog is liable in dam-
ages to the person so attacked or injured to the full amount of the injury sustained. The term "owner" includes any person harboring or keeping a dog but the owner shall be primarily liable.

Section 347.22 is known as Minnesota's dog-owners-liability statute. *See Tschida*, 462 N.W.2d at 411.

genuine issues of material fact exist and whether the trial court erred in applying the law. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992). Statutory construction is a question of law, which this court reviews de novo. *Correll v. Distinctive Dental Servs., P.A.*, 607 N.W.2d 440, 443 (Minn.2000). The application of a statute to undisputed facts is also a question of law. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn.1996).

■ In this case, there has been no allegation of negligence by respondent. And if it is determined that appellant is an "owner" of respondent's dog because she was either "harboring" or "keeping" the dog, she cannot maintain a suit against respondent pursuant to section 347.22.

■ The parties agree that appellant was not "harboring" respondent's dog. The discussion in this opinion is limited to the precise issue of whether the record permits a finding that appellant was not "keeping" respondent's dog for the purposes of section 347 .22.

There are few precedents related to the issue of what it takes for one to be deemed the "keeper" of a dog. The Supreme Court of Minnesota has interpreted a "keeper of a dog" to mean a person who undertakes to "manage, control or care for [the dog] as dog owners in general are accustomed to do." *Verrett v. Silver*, 309 Minn. 275, 277, 244 N.W.2d 147, 149 (1976). This court has held that a veterinarian and the veterinarian's employee were the keepers of a dog who was at the veterinarian's office for the purpose of care and treatment. *Tschida v. Berdusco*, 462 N.W.2d 410, 412 (Minn.App.1990), *review denied* (Minn. Dec. 20, 1990).

But the supreme court has determined that a corporation that managed an apartment complex was not the keeper of a tenant's dog that bit another tenant within the confines of the latter's apartment. *Gilbert v. Christiansen*, 259 N.W.2d 896, 896–97 (Minn.1977). Similarly, this court has held that a landlord of a mobile-home park was not "keeping" a dog who was residing with a tenant of the mobile-home park. *Wojciechowski v. Harer*, 496 N.W.2d 844, 846–47 (Minn.App.1993). This is a case of first impression for this court, and neither party has cited pertinent cases from other jurisdictions bearing directly on the issue before the court.[2]

Viewing the record in the light most favorable to appellant, we conclude that the record supports a finding that appellant was keeping respondent's dog. It is undisputed that appellant was the only individual responsible for the care of the dog while respondent and his family were gone on a one-week vacation. It is also undisputed that appellant voluntarily assumed the responsibility of caring for the dog, which included exercising the dog, a task in which she was engaged when she was injured. Accordingly, the trial court correctly determined that appellant was "keeping" respondent's dog at the time of her injury because the evidence shows that appellant "exercised control and authority over Jake at the time of her injury."

■ Appellant argues that that the concept of "keeping" must include more than mere watering, feeding, and exercising a dog and must also include "responsibility, control or authority tantamount to that exercised by an owner." But if the concept of "keeping" is to have some meaning,

2. Respondent did cite *Hassell v. Wenglinski*, 243 Ill.App.3d 398, 183 Ill.Dec. 807, 612 N.E.2d 64 (1993), as persuasive authority, but *Hassell* is not on point. The Illinois Animal Control Act, unlike Minnesota's dog-owners liability statute, expressly includes as an "owner" one who, inter alia, "keeps or harbors a dog" as well as "has [the dog] in his care, or acts as its custodian." *Id.* at 65 (quoting the Illinois Animal Control Act). The Illinois court found that the plaintiff was an owner of the dog who caused her injuries because the plaintiff had the dog in her "care and custody" at the time of her mishap, which is different from finding that she was "keeping" the dog. *Id.*

it cannot be equated with long-term proprietary control and must include voluntary acceptance of temporary responsibility for the dog. *See Boutin v. LaFleur,* 591 N.W.2d 711, 716 (Minn.1999) (citing canon that statute must be construed so that all terms have meaning).

Appellant erroneously depends on common-law principles in support of her argument that she was not "keeping" respondent's dog; under the common law, one with possession of a dog is responsible for its conduct. Common-law approaches may assist courts in determining the concepts of ownership and the terms "harboring" and "keeping." *See Gilbert,* 259 N.W.2d at 898 n. 2 (citing authority against extension of responsibility to one who merely possesses the land where the dog is kept). But there is nothing from the common law suggesting that temporary caretakers of dogs are not responsible for the dogs' conduct. Nor does reference to common-law principles suggest that the statutory concept of strict liability extends no further than the common-law concept, which, as appellant suggests, was narrowly aimed at persons who introduced potential danger to the community and had reasons to know of that danger. Whatever its motivation or purpose, the Minnesota legislature has expressly extended the concept of ownership to those "harboring or keeping" the dog.

Finally, appellant suggests, recognizing ownership by an individual who agrees to feed, water, and exercise a pet will lead to a result that is contrary to the legislative intent, making such a temporary caretaker "the co-insurer for strict liability for the absent owner's dog." This is not the case. The statute specifically provides that the owner is primarily liable and the one who "harbors or keeps" the dog is secondarily liable; they are not "co-insurers." Minn. Stat. § 347.22. In addition, the legislative intent was clearly to extend liability to one "harboring or keeping" a dog.

## DECISION

Because appellant is given the status of owner for purposes of Minn.Stat. § 347.22, the trial court properly granted respondent's motion for summary judgment.

**Affirmed.**