Kathy JORDAN, Appellant,

v.

Kevin LUSBY, Appellee.

No. 2001–CA–000203–MR.

Court of Appeals of Kentucky.

July 12, 2002.

Mark Joseph Smith, Louisville, KY, for appellant.

Richard G. Segal, Jason B. Moore, Segal & Shanks, Louisville, KY, for appellee.

Before GUDGEL, JOHNSON, and TACKETT, Judges.

*OPINION*

TACKETT, Judge.

Kathy Jordan appeals from an order granting summary judgment in favor of Kevin Lusby in her action against Lusby for an injury she received from Lusby's dog. Jordan, who is a dog groomer, accepted Lusby's dog, a Chow, for grooming and had finished grooming the dog and was carrying it out of the room when it bit her once on the face. Jordan, filing this action against Lusby in Jefferson Circuit Court, claimed that Lusby was strictly liable under Kentucky Revised Statute (KRS) 258.275. The circuit court granted summary judgment in favor of Lusby because of the statutory definition of the word "owner" as found in KRS 258.095, discussed *infra*, and because Jordan assumed the risk of being bitten by virtue of her profession as a dog groomer. Jordan appeals to this Court, arguing that the court below improperly granted summary judgment because the question of whether she was an "owner" under the statute was a jury question. We disagree, and affirm the judgment of the Jefferson Circuit Court.

Jordan claims that she accepted the dog for grooming only after she was assured the dog would not bite. She also claims that the owner, Lusby, had knowledge that the dog would bite without provocation. She further claims she did not normally work with this particular breed of dog because the dog's facial characteristics did not allow for the use of a muzzle. In her deposition, however, Jordan states that she had groomed Chows before, and did not

normally use a muzzle on a dog unless she had some sign that the dog was likely to bite. Jordan does not cite any evidence in the record indicating that the dog had actually bitten anyone, nor does she cite any evidence in the record indicating that the owner had actual knowledge that the dog would bite, beyond a statement that the dog "did not like men." No other evidence that the dog had bitten a woman, or in fact any other person, is part of the record before us. This action was filed in March 2000. After ample time for discovery, the court below granted summary judgment on Lusby's motion on December 28, 2000. This appeal followed.

■ The applicable statute defines an "owner" of a dog as "every person having a right of property in the dog and every person who keeps or harbors the dog, or has it in his care, or permits it to remain on or about premises owned by him." KRS 258.095(5). The statute was designed to expand liability to those parties who keep dogs, such as kennel owners, veterinarians, and other persons who keep dogs owned by others in their care, as well as any person who keeps a dog owned by another on their property. "Owner" in this case does not simply mean a person with a property interest in the dog, for reasons of public policy.

Jordan cites one Kentucky case, *Chancellor ex rel. Chancellor v. United States*, 1 F.3d 438 (6th Cir.1993), a federal case involving a dog bite injury that occurred on the grounds of Fort Knox. In that case, the plaintiff alleged that the statute operated to make the United States an "owner" of the dog. At the time the plaintiff was bitten, the dog was in an apartment inhabited by the sergeant who was indeed the dog's owner, in other words the person who held the actual property interest in the dog. The plaintiff in that case argued the statute operated to make the United

States an "owner" of the dog because the sergeant had to obtain the permission of the base commander to keep the dog. The Sixth Circuit held that the statute could not be used to make the United States liable for the dog bite, and in any event held that no claim could be made against the United States under the Federal Tort Claims Act because of a recent United States Supreme Court decision insulating the government from liability in strict liability cases. *Chancellor* at 440. We do not find the *Chancellor* case to be relevant to this case, as the factual situation is very different and the connection between the dog and the statutory "owner" not nearly as attenuated as the connection in *Chancellor*.

Lusby, on the other hand, cites a Minnesota case involving a statute similar to Kentucky's. In *Tschida v. Berdusco*, 462 N.W.2d 410 (Minn.Ct.App.1990), their statute's language defines "owner" to include "any person harboring or keeping a dog." In that case, a veterinarian's assistant sued the proprietary owner of the dog, but the Minnesota Court of Appeals held that the statute excluded the legal owner from liability to a second party owner (terms used by the Minnesota court.) We believe the Minnesota court's reasoning is correct and adopt it here; the Kentucky statute, in defining "owner" as any person who accepts custody of a dog, operates to insulate the legal owner from liability against another "owner" of the dog. By becoming an "owner" of a dog under our statute one is responsible for injuries inflicted by the dog to persons or animals. The statute does not make a distinction between the legal owner or a second party owner; we see no reason to create one here.

■ This Court is persuaded as was the circuit court that when Jordan accepted the dog for grooming, she assumed the risk of being bitten by the dog. The pro-

fession of dog grooming naturally entails a risk of being bitten by a client's dog, as do other professions involving the care of animals such as kennel owner or veterinarian. Common sense dictates that a person who grooms dogs must be deemed to be aware of the risks involved in dealing with any dog, not just a dog of a particular breed. While, of course, it makes sense for a groomer to ask questions relating to a dog's propensity to bite for reasons of personal safety, it does not logically follow that a person who is in the business of grooming or otherwise caring for dogs does not assume the risk of being bitten by dogs. Even though we find no Kentucky case on point for guidance, Lusby cites a California case, *Nelson v. Hall*, 165 Cal. App.3d 709, 211 Cal.Rptr. 668 (1985), wherein a veterinarian's assistant was deemed to have assumed the risk of being bitten by a dog during the course of the dog's medical treatment. The California court put it simply, "[a] veterinary assistant cannot be deemed to have unreasonably encountered a risk that is inherent in his or her job. Therefore, this type of assumption of the risk is not subsumed by comparative fault and, hence is a complete defense." *Nelson* at 672. We agree with the holding in the California case, and apply it to this case. Although Jordan claims that Lusby "had specific knowledge that he was exposing Appellant to a dog with a violent disposition," she failed to present evidence which indicated Lusby specifically knew anything of the kind. No genuine issue of material fact exists here, and the circuit court was well within its authority to grant summary judgment.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.