RENDERED: APRIL 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0821-MR

BARRY CORNETT                                             APPELLANT

v.                  APPEAL FROM PERRY CIRCUIT COURT
HONORABLE ALISON C. WELLS, JUDGE
ACTION NO. 20-CI-00170

TIMOTHY SEXTON AND LESLIE
CAUDILL SEXTON                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND GOODWINE, JUDGES.

COMBS, JUDGE: Barry Cornett appeals the summary judgment of the Perry

Circuit Court entered in favor of Timothy Sexton in this tort action. After our

review, we affirm.

The material facts are not in dispute. On July 4, 2019, Cornett went to

Timothy Sexton's home. While Cornett was there, a dog, owned by Timothy

Sexton's neighbor, Leslie Caudill Sexton (no relation), attacked Timothy Sexton.

When Cornett attempted to aid Timothy Sexton, Cornett was also attacked and seriously injured. Cornett settled his claims against Leslie Caudill Sexton for $42,500.

On May 7, 2020, Cornett filed a personal injury action against Timothy Sexton, alleging that Timothy Sexton owed him a duty of care that required Sexton "to supervise and/or control the dog so as to prevent injury to others." Cornett alleged that Timothy Sexton breached the duty of care by "allowing the dog to bite and to injure [him.]" Next, Cornett alleged that Timothy Sexton owed him a duty of care that required Sexton "to warn [him] of the [neighbor] dog's known dangerous propensities[.]" Cornett alleged that Timothy Sexton breached that duty of care by failing to warn him that the dog was vicious.

Months later, on January 30, 2021, Timothy Sexton was served with a summons and a copy of the complaint. He filed a timely answer denying the substantive allegations against him. Timothy Sexton also interposed extensive written discovery requests to Cornett and a third-party complaint against his neighbor, Leslie Caudill Sexton, the owner of the dog.

Cornett filed his answers to the written discovery requests on March 18, 2021. Leslie Caudill Sexton filed her answer to the third-party complaint on April 8, 2021. She also filed a motion to dismiss.

On April 12, 2021, Timothy Sexton filed a motion for summary judgment. He contended that there was no genuine issue of material fact concerning the events surrounding the dog attack. Sexton argued that he could not be held liable for Cornett's injuries under these facts and that he was entitled to judgment as a matter of law.

Cornett filled his response to the motion for summary judgment on April 30, 2021. In his response to the motion, Cornett argued that he should be afforded sufficient opportunity to conduct discovery aimed at ascertaining "what [Timothy Sexton] knew about the propensity of the neighbor's dog to be violent."

In his reply, Timothy Sexton reiterated the undisputed fact that he was not the owner of the dog. Furthermore, he observed that Cornett was plainly aware of the danger that the dog posed before he (Cornett) elected to offer aid against the dog-attack. Timothy Sexton denied that he had a duty to survey his neighbors to determine whether any of them harbored a vicious dog. He argued that no amount of discovery would change these undisputed facts and that, therefore, he was entitled to judgment as a matter of law.

In an order entered May 18, 2021, the Perry Circuit Court granted the motion for summary judgment; it also dismissed the third-party action against Leslie Caudill Sexton. The court denied Cornett's subsequent motion to alter, amend, or vacate. This timely appeal followed.

On appeal, Cornett argues that the circuit court erred by granting summary judgment. According to Cornett, the sole issue before us is whether the circuit court erred by failing to afford him additional time to conduct discovery relating to "[Timothy] Sexton's prior knowledge as to the dog's prior aggressive propensities[.]" Cornett contends that this information is relevant in light of Timothy Sexton's "universal duty to exercise reasonable care to prevent foreseeable injuries to others[.]"

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. In undertaking our review, we must consider whether the trial court correctly determined that there were no genuine issues of material fact concerning Timothy Sexton's duty of care and whether it properly concluded that he was entitled to judgment as a matter of law. *See Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we review the trial court's interpretations of law *de novo*.

---

[1] Kentucky Rules of Civil Procedure.

*Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

Cornett contends that the circuit court erred by granting summary judgment because he was not given an opportunity to discover whether Timothy Sexton was aware that his neighbor's dog was vicious. We disagree.

The provisions of KRS[2] 258.235 impose strict liability upon the owners. And KRS 258.095(5) defines who is the **owner** of a dog as follows:

> (5) "Owner," when applied to the proprietorship of a dog, includes:
>
> > (a) Every person having a right of property in the dog; and
> >
> > (b) Every person who:
> >
> > > 1. Keeps or harbors the dog;
> > >
> > > 2. Has the dog in his or her care;
> > >
> > > 3. Permits the dog to remain on or about premises owned and occupied by him or her; or
> > >
> > > 4. Permits the dog to remain on or about premises leased and occupied by him or her.

It is undisputed that Timothy Sexton did **not** own the dangerous dog. There is no allegation that he kept, harbored, or cared for the dog; nor that he otherwise permitted it to remain on or about his premises. Consequently, he could

---

[2] Kentucky Revised Statutes.

not be held liable under the governing statute. Furthermore, it is clear under the facts of this case that Cornett became aware of the viciousness of the dog when he observed it attacking Timothy Sexton before he (Cornett) approached it. Under the circumstances, it is reasonable to conclude that Cornett assumed the risk of being attacked by the dog when he decided to intervene in the attack -- a complete defense to the action. *See Jordan v. Lusby*, 81 S.W.3d 523 (Ky. App. 2002).

There was no genuine issue of material fact left to be discovered. Therefore, the circuit court did not err by granting summary judgment.

We affirm the judgment of the Perry Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey R. Morgan
Hazard, Kentucky

BRIEF FOR APPELLEE:

J. Stan Lee
Katie Bouvier
Lexington, Kentucky