Filed 9/22/25  Garretson v. Murrillo CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VANESSA GARRETSON, <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> DAISY MURRILLO, <br><br>     Defendant and Respondent. | A171205 <br><br><br> (Sonoma County <br> Super. Ct. No. SCV-268818) |

Daisy Murrillo's dog bit Vanessa Garretson, a dog groomer, while Garretson was trimming the dog's nails.  Garretson sued Murrillo, alleging causes of action for negligence and strict liability under California's dog bite statute (Civ. Code, § 3342, subd. (a)).  Murrillo moved for summary judgment, arguing that Garretson assumed the risk of being bit when she agreed to groom the dog.  The trial court agreed and granted the motion.  On appeal from the resulting judgment in Murrillo's favor, Garretson contends the trial court erred because she established a triable issue of material fact as to whether an exception to the so-called veterinarian's rule was triggered.  We disagree and affirm.

### BACKGROUND

#### A.

On September 11, 2019, Garretson was working as a pet groomer for PetSmart, Inc. when Murrillo's Husky, named Tahoe,

1

bit her left wrist. Because Garretson had never met or groomed Tahoe before, she asked the man who brought Tahoe for grooming whether she should be aware of any behavioral issues. The man said, without further elaboration, that Tahoe "did not like his feet being messed with."

Garretson took Tahoe to the grooming table, attached a "groomer's loop," as well as a "groomer's helper"—an additional safety harness used to reduce the risk of bites—and started clipping Tahoe's nails. Garretson did not use a muzzle or refuse to groom Tahoe, either of which are safety precautions she would take if a dog were known to be aggressive. Garretson clipped the nails on three of Tahoe's paws without incident. But as Garretson was clipping the nails on Tahoe's fourth and final paw, the dog turned and bit her left wrist without warning. Tahoe did not release his bite until Garretson yanked her hand away. Garretson sustained several puncture wounds as well as weakness and swelling in her left wrist and two left fingers.

**B.**

In 2021, Garretson filed a form personal injury complaint against Murrillo. She alleged causes of action for negligence and for strict liability under Civil Code, section 3342, subdivision (a)).[1] Murrillo filed an answer in which she asserted primary assumption of the risk as a defense.

---

[1] That statute provides, in pertinent part: "The owner of any dog is liable for the damages suffered by any person who is bitten by the dog while in a public place or lawfully in a private place, including the property of the owner of the dog, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness." (Civ. Code, § 3342, subd. (a).) "Subdivision (a) of [Civil Code] section 3342 has been recognized as imposing a duty of care on every dog owner to prevent his or her dog from biting persons in a public place or lawfully in a private place." (*Priebe v. Nelson* (2006) 39 Cal.4th 1112, 1120 (*Priebe*).)

Murrillo moved for summary judgment, arguing that Garretson's claims were barred, as a matter of law, by the veterinarian's rule. (See *Priebe, supra,* 39 Cal.4th at p. 1115.) Garretson opposed Murrillo's motion for summary judgment. She did not dispute that the veterinarian's rule extends to pet groomers injured during a grooming session or that she was acting in that capacity when bitten. However, she argued that the veterinarian's rule does not apply when a dog owner knows or should know of their dog's vicious propensities and fails to adequately warn of such facts. Garretson argued that a trier of fact could reasonably conclude that Tahoe had previously bitten or otherwise shown aggression toward people who touched the dog's paws and that Murrillo knew about but failed to adequately warn Garretson of this behavior.

The trial court granted Murrillo's motion for summary judgment. In its written order, the court concluded (implicitly) that the veterinarian's rule applies to dog groomers—and Murrillo thereby owed no duty of care to protect Garretson from a dog bite—noting that "[d]og bites are a known risk to dog groomers." The court also agreed with Garretson that the veterinarian's rule would not bar Murrillo's liability if she knew or should have known her dog had vicious propensities and failed to inform Garretson of such facts. However, the court concluded that Murrillo was entitled to judgment as a matter of law because Garretson had not met her burden to present evidence establishing a triable issue of material fact—i.e., that Murrillo knew Tahoe presented an increased risk to bite while having his nails clipped. The trial court entered judgment in Murrillo's favor.

## DISCUSSION

## A.

Garretson insists the trial court erred in concluding the veterinarian's rule bars her claims as a matter of law. After reviewing the trial court's order granting summary judgment de novo (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*)), we disagree.

## 1.

A motion for summary judgment should be granted if the moving party meets their burden of persuasion and shows that there is no triable issue as to any material fact and that they are entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Aguilar, supra*, 25 Cal.4th at p. 850.)[2] When the moving party is a defendant, they have the burden of showing that one of the required elements of the plaintiff's cause of action cannot be established or that there is a complete defense. (§ 437c, subds. (b)(1), (p)(2); *Aguilar*, at pp. 850, 854.) If the defendant meets their "initial burden of production" by making a prima facie showing of "the nonexistence of any triable issue," the burden of production shifts to the opposing party to show the existence of a triable issue of material fact. (*Aguilar*, at p. 850; accord, § 437c, subds. (b)(3), (p)(2).)

In reviewing the trial court's ruling independently, "we apply the same three-step analysis used by the trial court. First, we identify the issues framed by the pleadings. Second, we determine whether the moving party has established facts justifying judgment in its favor. Finally, in most cases, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable

_____

[2] Undesignated statutory references are to the Code of Civil Procedure.

4

issue of material fact." (*Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 874.) We view the evidence in a light most favorable to the losing party, liberally construing their evidentiary submission while strictly scrutinizing the moving party's showing. We resolve any evidentiary doubts or ambiguities in the losing party's favor. (*Id.* at p. 876.)

"Summary judgment will be upheld when, viewed in such a light, the evidentiary submissions conclusively negate a necessary element of plaintiff's cause of action, or show that under no hypothesis is there a material issue of fact requiring the process of a trial, thus defendant is entitled to judgment as a matter of law." (*Thompson v. Sacramento City Unified School Dist.* (2003) 107 Cal.App.4th 1352, 1360-1361.)

The veterinarian's rule is a well-established application of the doctrine of primary assumption of risk. Under the rule, "a dog owner who contracts with a veterinarian to treat his or her dog is generally exempt from liability should the dog bite or injure the veterinarian or veterinarian's assistant during such medical treatment." (*Priebe, supra,* 39 Cal.4th at p. 1115.) In *Priebe,* our Supreme Court extended the veterinarian's rule to bar a kennel worker's statutory strict liability claim against a dog owner for injuries sustained from dog bites while the worker was caring for the owner's boarded dog. (*Id.* at pp. 1115, 1132.) The court explained that the policy rationale underlying the application of the rule to veterinarians and their assistants—that they are paid for their services and "are in the best position, and usually the only position, to take the necessary safety precautions and protective measures to avoid being bitten or otherwise injured by a dog left in their care and control"—applies equally to kennel technicians and "dog groomers." (*Id.* at p. 1130, italics omitted.)

5

## 2.

Garretson concedes that Murrillo met her first-step burden and that the veterinarian's rule applies to dog groomers—which means that ordinarily Murrillo (as a grooming client) would owe no duty of care to protect Garretson from the risk of being bitten. (See *Priebe, supra,* 39 Cal.4th at pp. 1125-1126, 1131 [suggesting but not holding that rule extends to groomers]; *Jordan v. Lusby* (Ky.Ct.App. 2002) 81 S.W.3d 523, 524-525 (*Jordan*) [concluding dog groomers accept risk of being bitten when they accept dog for grooming].) Garretson instead insists the trial court erred because a trier of fact could reasonably find the facts necessary to trigger an exception to the veterinarian's rule. We disagree.

True, the veterinarian's rule is not absolute (at least if a common law strict liability cause of action is at issue); the rule "does not mean dog owners could *never* be held liable for injuries to veterinarians or their assistants." (*Nelson v. Hall* (1985) 165 Cal.App.3d 709, 715, fn. 4; accord, *Priebe, supra*, 39 Cal.4th at pp. 1115-1116, 1132.) Our Supreme Court has made clear that at least a common law (non-statutory) strict liability cause of action may be maintained if the dog owner "knew or had reason to know of the animal's vicious propensities" and failed to inform the plaintiff of such facts. (*Priebe*, at p. 1115; accord, *Nelson,* at p. 715, fn. 4 ["if a dog owner purposefully or negligently conceals a particular known hazard from a veterinarian, he or she would not be relieved of liability, for this would expose the injured person to an unknown risk"].) In such circumstances, the primary assumption of the risk defense does not bar the plaintiff's claim because "she could not be found to have assumed a risk of which she was unaware." (*Priebe,* at p. 1116.)

Garretson argues that the above exception applies here because a reasonable trier of fact could find that Murrillo knew or should have known Tahoe had vicious propensities and failed to give an adequate warning. In other words, she acknowledges

that she assumed the inherent risk of suffering a dog bite while working as a dog groomer but asserts she did not assume the increased risk purportedly created by Murrillo—of unknowingly grooming an aggressive or vicious dog. (See *Priebe, supra,* 39 Cal.4th at pp. 1115-1116, 1127-1128.) We assume without deciding that such an exception is available here despite Garretson's failure to plead a common law strict liability cause of action. Nonetheless, Garretson did not present a triable issue triggering potential application of the exception.

Contrary to her assertion, Garretson failed to present any direct or circumstantial evidence that Tahoe had bit anyone before or otherwise acted aggressively. The fact that the unknown man who delivered Tahoe for his appointment said that Tahoe "did not like his feet being messed with" does not fill the void. We cannot reasonably infer from the statement (without more) that the unknown man had any knowledge of aggressive behavior, much less that Murrillo possessed such actual knowledge or should have known such facts. (See *Yuzon v. Collins* (2004) 116 Cal.App.4th 149, 155, 166 (*Yuzon*) [landlord's request that tenants " 'pin the dogs up' " before an insurance inspection was insufficient to establish triable issue of material fact regarding landlord's prior actual knowledge of dog's aggressive propensities]; *Jordan, supra,* 81 S.W.3d at pp. 524-525 [owner's statement that dog " 'did not like men' " is not evidence that owner knew dog had violent disposition].)

A triable issue of material fact "can be created only by a conflict in the evidence." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) " 'An issue of fact . . . is not created by "speculation, conjecture, imagination or guess work." ' " (*Yuzon, supra,* 116 Cal.App.4th at p. 166.) Garretson failed to establish a triable issue of material fact. (See *Yuzon, supra,* 116 Cal.App.4th at p. 166; *Jordan, supra,* 81 S.W.3d at pp. 524-525.) The trial court did not err in granting Murrillo's motion for summary

judgment.  We need not reach the merits of the parties' remaining arguments.

## DISPOSITION

The judgment is affirmed.  Murrillo is entitled to her costs on appeal.  (Cal. Rules of Court, rules 8.278(a)(1), (2).)


BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.

*Garretson v. Murrillo (A171205)*